Argued and submitted May 3, decision of the Court of Appeals reversed; judgment of the circuit court affirmed August 5, 1993

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## ROBERT DARRELL BUCHOLZ,
*Respondent on Review.*

(CC 10-90-02791, 10-90-03187;
CA A65640, A65641; SC S39681)

855 P2d 1100

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondent on review. Sally L. Avera, Public Defender, Salem, filed a response.

FADELEY, J.

**FADELEY, J.**

The issue in this case is whether defendant's sentence exceeds that permitted by the sentencing guidelines, because his convictions under a first indictment should not have been counted as criminal history for sentencing on the conviction arising from another indictment. Defendant was charged in one indictment with theft in the first degree, a Class C felony offense against property. ORS 164.055. As charged one month and eight days later in a separate indictment defendant committed other crimes, including the Class A felony of unlawful delivery of methamphetamine to a minor. ORS 475.995(1).

On May 15, 1990, defendant pleaded guilty to the above charges alleged in each of the two indictments. On June 1, 1990, both cases came before the circuit court for sentencing at the same time. The sentencing judge imposed a sentence of probation, including 90 "custody units," on the theft charge. The judge then imposed a period of imprisonment of 23 months on the charge of delivering drugs to a minor and also imposed 36 months of post-prison supervision. The theft conviction was treated as a prior conviction for the purpose of establishing the criminal history score for the defendant on the delivery of drugs charge. That increased defendant's criminal history score. The higher history score then was used to calculate the appropriate presumptive prison term for the drug charge as found in the sentencing guidelines grid. The judge imposed the sentences to run consecutively.

Defendant appealed to the Court of Appeals, contending that the theft conviction, having been sentenced on the same day as the drug conviction, could not be counted in defendant's criminal history as a prior conviction that would increase the presumptive prison term sentence for the drug conviction. The Court of Appeals agreed, reversing the sentencing judgment and remanding for resentencing. *State v. Bucholz*, 113 Or App 705, 834 P2d 456 (1992). The state then petitioned this court for review.

In the course of reversing, the Court of Appeals stated: "Calculation of criminal history is governed by OAR 253-04-006." 113 Or App at 707. Although that statement correctly

identifies the governing rule for calculation of criminal histories, we reverse the decision of the Court of Appeals and affirm the judgment of sentence imposed by the circuit court, because a proper interpretation of that rule permits the first conviction to be counted as part of defendant's criminal history to establish the presumptive sentence for the second conviction.

## CRIMINAL HISTORY

We first consider the meaning of the criminal history rule. OAR 253-04-006 was amended to its present form at the express direction of the 1989 legislature. Or Laws 1989, ch 790, § 98. The text of that administrative rule, as amended, follows. To make the legislatively mandated amendments plain to the reader, we print the words legislatively added in bold face. The words deleted by legislative amendment are printed in italics and are bracketed:

"The State Sentencing Guidelines Board shall amend, by November 1, 1989, OAR 253-04-006, as filed with the Secretary of State on May 25, 1989, to read:

"OAR 253-04-006. CRIMINAL HISTORY SCALE (1) The Criminal History Scale includes nine mutually exclusive categories used to classify an offender's criminal history according to the extent and nature of the offender's criminal history at the time the current crime of conviction was committed. The nine categories in the scale are labelled alphabetically and are arranged in order of seriousness from the most serious (Criminal History Category A) to the least serious (Criminal History Category I).

"(2) An offender's criminal history is based upon the number of adult felony and Class A misdemeanor convictions and juvenile adjudications in the offender's criminal history at the time the current crime **or crimes** of conviction [*was committed*] **is sentenced**. Prior adult convictions or juvenile adjudications which have been expunged shall not be considered when classifying an offender's criminal history.

"(3) When multiple sentences in a prior single judicial proceeding are imposed concurrently, the defendant shall be considered to have one conviction for criminal history purposes and the crime of conviction having the highest crime seriousness ranking shall be counted in the offender's criminal history. All other convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history.

"(4) Whether a prior offense should be classified as a misdemeanor conviction or a felony conviction for criminal history purposes shall be determined by the crime of conviction rather than by the sentence imposed for the crime." Or Laws 1989, ch 790, § 98 (emphasis in original).

By a literal reading, the amendment changes the criminal history assessment reference point from "the time the current crime * * * was committed" to "the time the current crime * * * is sentenced." Before the legislatively mandated amendment, the criminal history rule provided:

"An offender's criminal history is based upon the number of * * * convictions * * * in the offender's criminal history *at the time the current crime* of conviction was *committed*." (Emphasis added.)

After amendment the rule provided:

"An offender's criminal history is based upon the number of * * * convictions * * * in the offender's criminal history *at the time the current crime* or crimes of conviction *is sentenced*." (Emphasis added.)

■   The crimes for which defendant was sentenced were committed one month and eight days apart, so that the first crime is separate and distinct from the second. Defendant was sentenced for the first crime, theft, before he was sentenced on the second crime, delivery of drugs to a minor. Nonetheless, defendant contends that the first conviction may not be counted as part of his criminal history applicable to the second.

The Court of Appeals agreed with defendant on that point, stating: "[A]s discussed in *State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992), the legislative history demonstrates a legislative intent that convictions sentenced at the same time are *present* convictions that are not counted in the criminal history, irrespective of rules governing *prior* criminal history." *State v. Bucholz, supra*, 113 Or App at 707 (emphasis in original).

The Court of Appeals described the facts in *State v. Seals, supra,* as follows: "The charges arose from what the prosecutor denominated a 'crime spree' during the evening of August 4, 1990." *State v. Seals, supra,* 113 Or App at 702. During that same evening, defendant Seals committed two

burglaries. In the course of each burglary, he also committed theft. All four crimes were charged in one indictment as four separate counts. To all charges, the defendant pleaded guilty. In *Seals*, the trial court used one of the two burglary convictions to increase the severity of the defendant's criminal history, thereby increasing the length of sentence presumptively applicable for the second burglary. The trial court then imposed the increased presumptive sentence. The Court of Appeals reversed, holding that crimes from the single criminal episode should not be used to increase the defendant's criminal history score for purposes of sentencing of other crimes from the same episode. 113 Or App at 704.

*Seals* is a case involving multiple offenses appearing to arise out of one criminal episode. The Court of Appeals extended *Seals*, however, to apply it as controlling authority in the present case, a case involving two indictments and separate criminal episodes 38 days apart wherein crimes of different sorts were committed. Although those distinctions are significant, they are not directly related to the issue in this case, which is the meaning of OAR 253-04-006(2), relating to calculations of a defendant's criminal history score. That is, we are not deciding the applicability of a decision in one case to another case but, instead, are deciding the meaning of the legislatively mandated criminal history rule.

The criminal history rule is enacted by statute. Our normal procedure for interpreting statutes applies. We look first to text and then to context. Legislative intent is to be derived in that manner, if possible. *McCabe v. State of Oregon*, 314 Or 605, 611-12 n 7, 841 P2d 635 (1992).

■ As previously observed, the text of the adopted amendment permits consideration of any previous conviction occurring before "the time the current crime * * * is sentenced." Read literally, the sentence for the theft was imposed before the sentence for drug delivery was imposed, albeit only a short time before. Nothing in the wording of the criminal history rule excludes consideration of the conviction for a separately occurring crime merely because the two separate crimes are sentenced on the same day and in the same session of court. Indeed, the text of subsection 3 of the

rule, OAR 253-04-006(3), indicates that more than one conviction may be derived from a "prior single judicial proceeding" for purposes of calculating criminal history, provided that the court imposes multiple sentences on a consecutive basis as the court did here. There is a separate rule defining what is a single judicial proceeding — OAR 253-03-001(18), quoted below. That rule does not detract from the literal interpretation of the criminal history rule relying on text and context, unless the multiple sentences are imposed in a single court proceeding and all arise from similar crimes or the same transaction or series of specifically connected transactions. The rule defining a single proceeding provides:

> " 'Single judicial proceeding' means one or more proceedings linked in time with respect to a single defendant convicted of multiple crimes which are:
>
> "(a)   Of the same or similar character;
>
> "(b)   Based on the same act or transaction; or
>
> "(c)   Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." OAR 253-03-001(18).

None of those conditions that are required to satisfy the definition of "*single judicial proceeding*" applies here. The drug delivery crime is unrelated to the earlier theft crime.

However, defendant makes various arguments based on a commentary by staff of the Sentencing Guidelines Board (not the legislature) that accompanies the rules in the Sentencing Guidelines Implementation Manual. Defendant also points to some testimony before a legislative subcommittee discussing the proposed amendment of the criminal history rule to argue that the earlier crime of theft cannot be counted as part of the criminal history in calculating the sentence for the later delivery-of-drugs conviction, because sentencing on both convictions occurred in the same judicial proceeding held on the same day. Defendant argues that the words of the criminal history rule are ambiguous. He asserts that both the legislative history occurring in a subcommittee of the House Judiciary Committee during the 1989 session and the commentary of the staff of the Sentencing Guidelines Board dictate a different reading of the criminal history rule. He contends that a proper reading prohibits use of any conviction for which sentence was pronounced on the same day in

calculating a defendant's criminal history score. Thus defendant contends that a same-day sentence, even though imposed for an unrelated crime, may not be used in calculating another sentence for another crime.

The legislative history to which defendant points does not support his position. The legislatively mandated amendment to the rule was a part of House Bill 2250. A similar bill originated in the Senate, Senate Bill 1073, but it never passed the House. The subcommittee discussion, to which defendant refers, occurred during a House subcommittee hearing on the bill that did not pass. Discussion before the full Senate Judiciary Committee of HB 2250, which did pass both houses, does not support the interpretation urged by reliance on House subcommittee discussion. The minutes of the Senate committee on June 29, 1989, reflect that, in discussion of HB 2250 before the Senate Judiciary Committee, a member of the staff for the Criminal Justice Council and the Sentencing Guidelines Board reported that, "under the Senate version (SB 1073), any convictions up until the time the new crime is committed would count toward the criminal history score. The House changed this to include crimes that are committed between the 'new' crime and the sentencing." Minutes, Senate Judiciary Committee, June 29, 1989, p 4.

Moreover, even in the House subcommittee, it is not at all clear that the subcommittee members or the witnesses interpreted the rule in the way contended for by defendant. For example, Judge Ellis told the House Judiciary subcommittee on June 20, 1989, during discussion of SB 1073, that:

"I think the one concern — I thought it was an excellent proposal — but the one concern is that it may permit some prosecutorial manipulating. If you have multiple charges, you may be able to separate them, try — attempt to, but in actual practice, it seems to me, you are trying to figure out what to do with the individual at the time you sentence him, and *it seems to me you ought to consider everything that has occurred up to the time you sentence him.*" (Emphasis added.)

The subcommittee chair immediately agreed and proposed adoption of the amendment presently found in Oregon Laws 1989, chapter 790, section 98, quoted above. Judge Ellis also

made it clear that he wished to consider at the time of sentencing any "conviction [that] falls between the date of the present crime and the sentencing for the present crime." That is consistent with the present case and with our holding.

The legislators present distinguished between a single criminal episode, which they thought was not prior criminal history for use in sentencing on some other conviction from the same episode, and crimes from more than one episode. It was in the context of considering separate crimes from the single criminal episode distinction that the legislators agreed, as reported in *State v. Seals, supra,* 113 Or App at 704 n 3, with Judge Ellis' comment:

> " 'That the defendant who's before you for sentencing on four different felonies *at the same time* — three of those are not to me prior convictions. They're present convictions.' " (Emphasis added.)

Representative Mason commented immediately after that remark that:

> "If you've got another conviction *from another unrelated incident*, it suddenly clicks in."[1] (Emphasis added.)

The subcommittee's comments, even those on the bill not passed, do not support defendant's claims.

Defendant also relies on the following unofficial commentary of staff to the Sentencing Guidelines Board about the meaning of the legislatively mandated rule:

> "This section also makes clear that a criminal history, for purposes of sentencing under these rules, is determined as of the time of sentencing. This provision ensures that the severity of the sentence is commensurate with offender's characteristics at the time he or she is sentenced.

> "The Guidelines Board had originally adopted a rule which would only count prior convictions entered at the time the current crime of conviction was committed. This rule was intended to ensure that court proceedings not be manipulated by either the offender or the state to alter the offender's criminal history classification. *The legislature, however, directed the Guidelines Board to amend this rule to provide that the offender's criminal history is to include all prior*

---

[1] The quoted testimony is from Tape recording, House Judiciary Subcommittee on Crime, June 20, 1989, Tape 103, Side A at 150-380.

*convictions or juvenile adjudications entered against the offender 'at the time the current crime or crimes of conviction is sentenced.'* Section 98, Chapter 790, Oregon Laws 1989.

*"This reference to 'current crime or crimes of conviction' was intended to prohibit the consideration of convictions arising from the current proceeding in classification of the offender's criminal history. This prohibition applies even if the state can establish the chronological order in which the offenses were committed."* Oregon Sentencing Guidelines Implementation Manual, Oregon Criminal Justice Council, Commentary, 50-51 (1989) (emphasis added).

Although the commentary quoted above in part supports what the trial judge did in this case — *i.e.*, determine the criminal history of defendant at the time of sentencing on the last crime to ensure that the severity of the sentence is commensurate with the offender's characteristics — it also is true that the Board's staff commentary includes a separate interpretation of the rule to "prohibit the consideration of convictions arising from the current proceeding." The sentence following those quoted words could be seen as limiting their application to a case where several crimes are committed in a single criminal episode, because that sentence states that the "prohibition applies even if the state can establish the chronological order in which the offenses were committed." There should be no difficulty whatever establishing chronological order for offenses that are committed on different days and that are not part of a single criminal episode. Thus, the wording of the commentary makes the most sense if it is taken to be addressing only multiple convictions from a single criminal episode. Therefore, one could read the staff commentary to be speaking only of multiple offenses that are connected within one general criminal transaction.

However that may be, council staff promulgated an expanded interpretation at a later time, one including concepts and considerations not found in the words of the criminal history rule under consideration as it was adopted by the legislature. The 1992 Supplement to Sentencing Guidelines Implementation Manual at page 8, refers to a staff *Advisory* #3, dated September 25, 1991. That advisory relates to "Currents as Priors" and states:

"Error letters are routinely sent to courts indicating that

'convictions sentenced the same day are not to be counted toward each other in the criminal history calculation.' "

This last staff advisory states that it is based on the record, referred to above, in the House Judiciary Subcommittee on June 20, 1989, while it was considering SB 1073, the bill that was not adopted by the legislature. We already have determined that those comments do not establish subcommittee intent in the manner for which defendant here contends.[2]

## CONSECUTIVE SENTENCES

Defendant's second and final claim is that the trial court erred when it sentenced defendant consecutively as to each of his various convictions. Defendant argues that ORS 137.123(4) makes illegal the consecutive sentences in this case. That subsection and the immediate context for it in part provide:

"(1) A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences.

"(2) If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences.

"(3) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (4) of this section.

---

[2] Additionally, the word "current" is immediately adjacent to the word "crime" in the rule being interpreted and, under the usual rules, would describe and make particular — i.e., would modify — only that adjacent word.

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct [only if] the court finds: * * *." ORS 137.123.

ORS 137.123(4), by its own words, applies only if the consecutive terms of imprisonment imposed for separate convictions arise "out of a continuous and uninterrupted course of conduct." That has not been established, although the nature of the material alleged in the indictment makes it likely that one of the convictions based on the second indictment arose from the same course of conduct as did another of the convictions based on the second indictment. If, for sake of argument, that state of facts were considered to apply, defendant contends that the statute permits a sentencing court to impose consecutive sentences only if the court expressly enters certain findings at the time sentence is imposed.

In the present case, the Court of Appeals agreed with that argument of defendant. *State v. Bucholz, supra*, 113 Or App at 708. In doing so, the Court of Appeals relied on its decision in *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991). The facts recited in the *Racicot* decision do not indicate whether or not the seven counts on which conviction was entered there arose from a continuous and uninterrupted course of conduct, but one would assume that they did.

However, the record in this case discloses that defendant expressly was aware that a consecutive sentence was being imposed, but that no objection to lack of findings or request for findings was entered by defendant. That silence provides no basis for considering a claim of error on later appeal. ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal *unless it was preserved in the lower court* and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record." (Emphasis added.)

The error alleged here was not preserved. Defendant does argue the point in his initial brief to the Court of Appeals and, as noted, the Court of Appeals ruled on it in defendant's favor. That does not, however, mean that the error is preserved at the trial level. *See State v. Castrejon*, 317 Or 202, 211-12, 856

P2d 616 (1993) (holding that error was not preserved, notwithstanding consideration of it by the Court of Appeals, where the Court of Appeals has failed to expressly justify its consideration of the unpreserved error).

Moreover, we do not think that the alleged error is one of law and apparent on the face of the record, thereby permitting our consideration of it in the absence of an objection by defendant made to the sentencing court. And, assuming that the potential of such an error is apparent on the face of the record, it is not at all clear that the evidence in this case concerning the nature of the offenses sentenced consecutively would fall short of satisfying the requirements of ORS 137.123(4)(b). That paragraph provides that, even in case of separate convictions for criminal offenses arising out of a continuous and uninterrupted course of conduct, the court may impose consecutive sentences for criminal offenses that

> "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk * * * to a different victim * * *."

Defendant would have an appellate court reverse for absence of findings even though, had the matter been called to the sentencing court's attention, applicability of paragraph (4)(b) might easily have been established. To preserve an error in the face of the possibility that the statute expressly permits consecutive sentencing in the situation at hand, a defendant who objects to lack of express findings to bring the case under subsection (4), must place that objection on the record at the time of sentencing. The Court of Appeals was not required to consider the error and should not have done so. Defendant's claim of error is rejected. *See State v. Castrejon, supra*, 317 Or at 212; *State v. Jensen*, 313 Or 587, 598-99, 837 P2d 525 (1992).

In summary, the legislatively mandated guideline rule determining criminal history scores permitted consideration of the convictions under the first indictment in assessing criminal history to calculate the presumptive sentence under the second indictment. Defendant's second claim of error, relating to an asserted need for findings for consecutive sentences, was not preserved, and we do not consider it.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.