Argued and submitted November 10, 2008, affirmed January 7, 2009

In the Matter of M. N.,
a Minor Child.

STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

J. N.,
*Appellant.*

Marion County Circuit Court
J000486;
Petition Number 032107NOR1;
A139027

200 P3d 615

Shannon Flowers, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Rene C. Holmes, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

In this dependency case, father appeals a judgment that changed the permanency plan for the child from permanent foster care to adoption. He advances two assignments of error. First, he contends that the trial court erred in failing to make findings of fact required by statute before changing the plan. Second, he contends that, on the merits, the record does not demonstrate that it is in the child's best interests to change the plan to adoption. The state contends that father's first assignment is not preserved and that a trial court's failure to make required findings can never be reviewed as plain error. The state also contends that, on the merits, the record establishes by a preponderance of the evidence that adoption is in the child's best interests.

We affirm, writing to address only father's first assignment of error. We conclude that the state is not correct that a trial court's failure to make statutorily required findings cannot be reviewed as plain error. We nevertheless conclude that, for the reasons set forth in this opinion, it is not appropriate to exercise our discretion to review the error in this case.

The facts pertinent to father's first assignment of error are few and uncontested. The child, M, was born in 1999. The following year, father was convicted of sexual abuse in the first degree, attempted rape in the first degree, and attempted sodomy in the first degree, arising out of acts that father had committed against one of his other children. Father was sentenced to prison.

In January 2006, the Department of Human Services (DHS) removed M from mother's home due to concerns that the child was being neglected. Eleven months later, DHS returned M to mother. Three months after that, however, DHS again removed M from mother's home and placed him in foster care.

The court held a permanency hearing in January 2008. Following the hearing, the court changed the permanency plan to permanent foster care. In March 2008, however, DHS asked for another permanency hearing and requested that the plan be changed to adoption. The hearing

began in March and, after a break to accommodate scheduling conflicts, resumed in May. At the end of the May hearing, the court found that M "needs some special structure and some special care. There is nothing in the record that tells me that mom is ready to provide that care, so we're not looking at return to parent." The court explained that "[i]nformation here from all the experts is [that M] is adoptable" and that there is a family of relatives, among others, willing to adopt him. The court further noted that "[t]he experts that we have heard from indicate that [M] needs permanency, and permanent foster care is the least permanent of all the plans we could possibly give [M]. The most permanent, other than return to parent, is adoption. [M] deserves that." The court entered judgment changing the permanency plan from permanent foster care to adoption. The judgment expressly finds that neither mother nor father has made sufficient progress to permit the return of M to their care. The judgment further finds that, based on "evidence having been taken in court," DHS made reasonable efforts to eliminate the need for removal of M from the home and to make it possible for him to be safely returned there.

On appeal, father contends that the court failed to make certain findings required by statute. The state concedes that the court did not make all of the required findings, but insists that, because father did not request any findings, under *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), he is barred from complaining about the lack of them on appeal.

■    We begin with the question whether the statutes require particular findings and, if so, precisely what those required findings are. ORS 419B.476(2)(d) provides that, at a permanency hearing, the court is required to, among other things, "[m]ake the findings of fact under ORS 419B.449(2)." That statute, in turn, provides that, "[a]t the conclusion of the [permanency] hearing, the court shall enter findings of fact." ORS 419B.449(2).

The precise nature of the findings depends on the current status of the child and the nature of the trial court's decision. Under ORS 419B.449(3), certain findings are required "[i]f the child or ward is in substitute care and the

decision of the court is to continue the child or ward in substitute care." Under ORS 419B.449(4), slightly different findings are required "[i]f the ward is in the legal custody of [DHS] but has been placed in the physical custody of the parent" and the decision of the court is to continue that arrangement.

In this case, the parties agree that M was in substitute care and the decision of the court was to continue that until adoption could be arranged. Accordingly, the requirements of ORS 419B.449(3) apply. That statute provides, in part, that

"the findings of the court shall specifically state:

"(a)(A)   Why continued care is necessary as opposed to returning the child or ward home or taking prompt action to secure another permanent placement; and

"(B)   The expected timetable for return or other permanent placement.

"(b)   Whether the agency having guardianship or legal custody of the child or ward has made diligent efforts to place the child or ward pursuant to ORS 419B.192.

"(c)   The number of placements made, schools attended, face-to-face contacts with the assigned case worker and visits had with parents or siblings since the child or ward has been in the guardianship or legal custody of the agency and whether the frequency of each of these is in the best interests of the child or ward.

"(d)   For a child or ward 14 years of age or older, whether the child or ward is progressing adequately toward graduation from high school and, if not, the efforts that have been made by the agency having custody or guardianship to assist the child or ward to graduate."

In this case, father contends that the trial court neglected to make all of the foregoing findings of fact. The state responds that, as we have noted, father failed to preserve that contention.

■■   ORAP 5.45(1) provides that "[n]o matter claimed as error will be considered on appeal unless the claimed error

was preserved in the lower court." The same rule also provides, however, that we "may consider an error of law apparent on the face of the record," ORAP 5.45(1), also known as "plain error," *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). An error is "plain" if it is one of law, is not reasonably in dispute, and does not require an examination of matters outside the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If the asserted error satisfies those criteria, we may then exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). In determining whether to exercise our discretion to consider an error of law apparent on the face of the record, we are instructed to consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* at 382 n 6.

■        As we have noted, ORS 419B.476(2)(d) and ORS 419B.449(2) and (3) plainly require the trial court to make particular findings of fact at the conclusion of a permanency hearing. The legal requirement is obvious and not in dispute. In this case, the trial court did not make all of the required findings. That much also appears obvious, apparent from the face of the record, and not in dispute; even the state concedes that the trial court did not make the required finding concerning the number of schools attended. Consequently, we conclude that the trial court committed plain error. *See Hickam and Hickam*, 223 Or App 302, 305, 196 P3d 63 (2008) (trial court's failure to make findings required by statute is plain error).

The state errs in relying on *Bucholz* for the assertion that a failure to comply with a statutory finding requirement is not plain error. In that case, the defendant argued for the first time on appeal that the trial court had erred in imposing consecutive sentences without making explicit findings to

support them, as required by statute. 317 Or at 320. The Supreme Court concluded that, although the statute plainly required the findings, it would not review the court's failure to make them because, "had the matter been called to the sentencing court's attention, applicability of [the statute] might easily have been established." *Id.* at 321. The Supreme Court's decision thus stands for the proposition that, even if the court plainly erred, under the circumstances, it was not appropriate to exercise discretion to review it.

We turn, then, to the question whether it is appropriate for us to exercise our discretion in this case to review the trial court's error. We conclude that it is not. To begin with, as the state suggests, it appears that the trial court *did* make the required findings in all but one respect, *viz.*, the number of schools attended. It is at least arguable that, in all other respects, the written judgment, the court's oral findings, and its reference to incorporation of evidence in the record satisfied the statute. With that in mind, we also note that father does not explain why the particular finding that was required matters in this case—that is to say, father does not explain how the absence of the finding harmed his case. Moreover, as in *Bucholz*, we note that, had there been a request for all of the findings required by ORS 419B.449(3), the trial court easily could have complied with the request.

We therefore decline to review father's contention that the trial court erred in failing to make the findings that the statutes require.

Affirmed.