Argued and submitted July 15, affirmed October 20, 2010, petition for review
denied February 3, 2011 (349 Or 602)

In the Matter of
L. L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. D.,
*Appellant.*

Lane County Circuit Court
09588J
Petition Number 09588J01
A144641

241 P3d 1177

Mary Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Appellant Division, Office of Public Defense Services.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

ORTEGA, J.

**ORTEGA, J.**

Mother appeals from a juvenile court judgment taking jurisdiction over her six-year-old son and ordering that he be placed with father. She makes five assignments of error, three of which we reject without further discussion. We write to address only mother's arguments that the juvenile court erred in asserting jurisdiction over child and in failing to include required findings in the judgment. For the reasons set forth below, we conclude, first, that the juvenile court did not err in taking jurisdiction and, second, that we should not exercise our discretion to review mother's unpreserved claim of error regarding findings. Accordingly, we affirm.

The following facts are undisputed. After the Department of Human Services (DHS) filed an amended petition alleging that child was within the jurisdiction of the juvenile court, mother executed a portion of a form captioned "Admission, Findings and Order (Dependency)." (Uppercase and boldface omitted.) That document contains a combination of printed matter, including printed blank lines, and handwritten matter. It provides as follows, with handwritten matter indicated by italics and printed blank lines indicated by underscoring:

"I, [*mother*], * * * admit[ ] the truth of the allegations set forth in Paragraph(s)—of the petition filed *12-14-09*. Paragraph *4E* shall be amended to:

"*The child has special medical needs. The mother would benefit from assistance from the Department of Human Services Child Welfare Program.*

"In making this admission, I understand and agree that what is alleged is true. I further understand that by making this admission, I am giving up my right to confront and cross-examine any witnesses that the State might have called to prove these allegations; I am giving up my right to call witnesses on my own behalf; and I am giving up my right to have the State prove these allegations by a preponderance of the evidence.

"I further understand that by admitting the allegations, the Court may take control over the above-named child, as deemed necessary, until the age of 21, and may place the

child out of the family home, if deemed it is the best interests of the child.

"The foregoing has been discussed with, and fully explained by, my attorney and this admission is not the result of any threat or promise or coercion brought to bear upon me, but is made after careful thought and with full understanding of its consequences."

Both mother and her attorney signed the form.

The form also contains portions to be completed by an assistant district attorney and by the court. Immediately below mother's and her attorney's signatures is a printed line stating, "I agree with the plea bargain and move to dismiss," followed by the handwritten notation "4A, 4B, 4C" and, beneath that, a completed signature block for an assistant district attorney. Beneath the assistant district attorney's signature is the following printed paragraph: "Based upon the foregoing, the Court finds that the above-named child is within the jurisdiction of the Court. The Motion of the District Attorney is granted and those allegations are dismissed. The matter is continued for disposition at a later time." The juvenile court signed the form under that paragraph.

After that form was executed, the court proceeded to a disposition hearing. Mother made no objection to the juvenile court so proceeding, nor did she move for dismissal pursuant to ORS 419B.890(1). Rather, at the disposition hearing, mother argued that she was "an appropriate and safe placement" and that child should be placed with her, rather than with father. At the conclusion of the hearing, the juvenile court informed the parties that it was following DHS's recommendation and continuing child's placement with father; the court reasoned that the placement was in child's best interests because father was meeting child's needs better than mother had, "if you were to measure it by how [child] appears to outside—to people who are looking at this situation objectively[,] teachers and doctors."

The juvenile court then entered a judgment of jurisdiction and disposition. The judgment provides, in part:

"The court having examined files and reports herein and being fully advised in the premises finds that:

"* * * * *

"3)   Reasonable/active efforts, in light of the child's and parents' circumstances, have been made to prevent or eliminate the need for removal of the child from home and reasonable/active efforts have been made to make it possible for the return of the child to the home[.]"

The judgment does not include any description of those efforts or whether further efforts could have prevented or shortened the separation of child from mother's household.

Mother appeals. In her first assignment of error, she argues that the admitted allegation was insufficient to support jurisdiction; in her view, "it is axiomatic that a set of facts that *would be* insufficient to establish jurisdiction, if proved, is necessarily insufficient to establish jurisdiction when admitted." DHS responds that mother failed to preserve her claim of error and stipulated to jurisdiction. DHS also contends that, in context, mother's admission implies the existence of a danger to the child's welfare. Mother replies that she admitted only the facts that child has special medical needs and mother would benefit from assistance, but that she did not stipulate to jurisdiction. In any event, she contends, parties cannot stipulate to the existence of jurisdiction.

■■   Mother is correct that, although a party may stipulate to facts supporting jurisdiction, jurisdiction cannot itself be created by stipulation. As we explained in *State ex rel Juv. Dept. v. Gates*, 96 Or App 365, 371, 774 P2d 484, *rev den*, 308 Or 315 (1989), where no party had challenged the juvenile court's determination of jurisdiction,

"we must consider jurisdictional issues, even when they are not raised by the parties. Jurisdiction for a so-called 'conditions-and-circumstances' juvenile hearing, ORS 419.476(1)(c), is not just the power of the court to act. It also requires a factual determination that a child is dependent, which is the basis on which the court may make the child a ward of the court, that is, may place the child in the court's 'jurisdiction.' "

Thus, although mother never made any objection below, we must consider whether the juvenile court properly found jurisdiction.

Because mother waived her right to have DHS prove its allegations, however, we are not concerned with the sufficiency of evidence offered to prove those allegations. *See* ORS 419B.310(3) (providing that, unless admitted, facts alleged in petition must be established by a preponderance of the evidence). Rather, we consider only whether, pursuant to the allegations, DHS would have been allowed to offer evidence that would establish juvenile court jurisdiction. We review the sufficiency of the allegations for errors of law. *State ex rel Juv. Dept. v. N. W.*, 232 Or App 101, 108, 221 P3d 174 (2009), *rev den*, 348 Or 291 (2010).

The juvenile court has exclusive original jurisdiction in any case involving a person under age 18 "[w]hose condition or circumstances are such as to endanger the welfare of the person or of others." ORS 419B.100(1)(c). The key inquiry is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the child's welfare. *State ex rel Juv. Dept. v. Vanbuskirk*, 202 Or App 401, 405, 122 P3d 116 (2005). A petition alleging jurisdiction must "[c]ontain the facts that bring the child within the jurisdiction of the court, including sufficient information to put the parties on notice of the issues in the proceeding." ORS 419B.809(4)(b). The petition "must be liberally construed with a view of substantial justice between the parties." ORS 419B.857(1).[1]

In considering the sufficiency of a petition, we have framed the issue as whether the allegations would permit the introduction of evidence of danger to the child's welfare. In *State ex rel Juv. Dept. v. Boyce*, 47 Or App 759, 762, 615 P2d 385 (1980), for example, we concluded that the father's demurrer should have been sustained where the petition

---

[1] ORS 419B.857 provides:

"(1) All petitions, answers, motions and other papers must be liberally construed with a view of substantial justice between the parties.

"(2) In every stage of an action, the court shall disregard an error or defect in a petition, answer, motion, other paper or proceeding that does not affect the substantial rights of the adverse party."

The text of ORS 419B.857 is very similar to ORCP 12. Interestingly, however, the Juvenile Code does not contain an analog to ORCP 18 A, which requires that a pleading that asserts a claim for relief contain "[a] plain and concise statement of the ultimate facts constituting a claim for relief without unnecessary repetition." *See also* ORS 419B.800(1) (providing that Oregon Rules of Civil Procedure do not apply in juvenile court proceedings).

alleged only that the child had "stated that" the father had sexually abused her and that the mother had "stated that" she had failed to protect the child. The juvenile department did not argue that it was entitled to prove the truth of the alleged statements; instead, it contended that the mere making of the statements was sufficient for jurisdiction because the statements, if false, reflected severe psychological problems. *Id.* at 763. We rejected that argument because none of the allegations "would allow the admission of evidence that the [child] was suffering from a mental disturbance" and, even if we assumed that the petition alleged a mental disturbance, there was no allegation that the parents were failing to provide care. *Id.* at 764; *see also State ex rel Juv. Dept. v. S. A.*, 230 Or App 346, 347, 214 P3d 851 (2009) (an allegation that the father had "a history of substance abuse, which if active, would endanger the welfare of the child" was insufficient). On the other hand, where a petition alleged that the stepfather had sexually abused the child and was still living at the same address as the mother and the child, we concluded that the petition was "sufficient to allow the state to attempt to show that stepfather is a continuing threat to the child and that mother cannot protect her." *State ex rel Juv. Dept. v. Carver*, 71 Or App 107, 110, 691 P2d 107 (1984); *see also N. W.*, 232 Or App at 109 (allegations that the mother had a history of substance abuse and repeatedly allowed untreated sex offenders contact with the child were sufficient; the danger presented by contact was heightened by use of controlled substances).

■ With that framework in mind, we turn to the sufficiency of the allegations in this case. As noted, mother admitted the allegation that "child has special medical needs. The mother would benefit from assistance from the Department of Human Services Child Welfare Program." The allegation that mother "would benefit from assistance" is ambiguous. It could be construed to mean that mother, although already providing minimally adequate care for child's special medical needs, could become a better parent with assistance; if the evidence established only that much, it would be insufficient to show a reasonable likelihood of harm to child's welfare. On the other hand, however, the allegation could be construed to mean that mother "would benefit" by gaining the ability to

meet child's special medical needs; if the evidence established that mother was not able to meet those needs without assistance, it would be sufficient to show a reasonable likelihood of harm to child's welfare. Thus, if DHS had been required to prove the allegation that mother admitted, DHS would have been allowed to offer evidence sufficient to establish juvenile court jurisdiction.

Liberally construing the allegation that mother admitted, the petition contains facts that bring the child within the jurisdiction of the juvenile court. Because the allegation that mother admitted can be construed to contain facts bringing child within the jurisdiction of the court, the petition was sufficient to allege jurisdiction. *See Fearing v. Bucher*, 328 Or 367, 374-75, 977 P2d 1163 (1999) (where multiple inferences could be drawn from the allegations at issue and one inference satisfied the requirements for stating a claim, the allegations were sufficient to withstand motion to dismiss); *Simonsen v. Ford Motor Co.*, 196 Or App 460, 473, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005) (where an allegation was ambiguous and could be construed to allege a timely claim, liberal construction and inferences in favor of the plaintiff required the interpretation that the complaint alleged a timely claim). Because mother waived her right to have DHS put on evidence supporting the petition, the juvenile court did not err by finding child to be within its jurisdiction.

We turn to mother's final assignment of error, in which she contends that the juvenile court erred by failing to make findings required by statute—specifically, that the judgment of jurisdiction and disposition contains no "brief description" of preventive and reunification efforts and whether further efforts could have prevented or shortened the separation of the family, as required by ORS 419B.340(2).[2] Mother acknowledges that she did not object to

---

[2] Mother also contends that the court failed to comply with ORS 419B.185(1)(d): "The court shall make a written finding in every order of removal that describes why it is in the best interests of the child or ward that the child or ward be removed from the home or continued in care." ORS 419B.185(1), however, applies "at the hearings specified in ORS 419B.183 [a hearing on detention or shelter care], and at any subsequent review hearing." The judgment at issue here arose from a disposition hearing.

the juvenile court's failure to enter such a description, but she contends that, under the principles discussed in *State ex rel DHS v. M. A.*, 227 Or App 172, 205 P3d 36 (2009), she was not required to do so. In the alternative, she argues that the error is plain and that we should exercise our discretion to review to ensure compliance with the statutory scheme, because the state has no legitimate interest in defending a failure to make findings and because findings serve an important institutional concern with the appearance of fairness in juvenile proceedings.

DHS responds that ORS 419B.340(2) does not require that the description be entered in the judgment, as opposed to the record of the proceeding, and that, by taking judicial notice of the DHS court report, the juvenile court adequately entered information about DHS's efforts into the record. In the alternative, DHS argues that any error was harmless because there is no indication that mother was prejudiced by the failure to include the description in the judgment.

As we explain below, we conclude that ORS 419B.340(2) required the juvenile court to enter a "brief description" in the disposition order (which, in this case, was contained in the judgment of jurisdiction and disposition). We further conclude that mother was required to preserve her claim of error, that she did not do so, and that we should not exercise our discretion to review it.

■    To frame the issue, we begin with the statutes concerning entry of a "brief description." ORS 419B.305(1) requires the juvenile court to hold a hearing on a jurisdiction petition and "enter an order under ORS 419B.325(1)." ORS 419B.325(1), in turn, provides that, "[a]t the termination of the hearing or hearings in the proceeding, the court shall enter an appropriate order directing the disposition to be made of the case." ORS 419B.340, in part, requires determinations to be made in the disposition order:

"(1)   If the court awards custody to the Department of Human Services, the court shall include in the disposition order a determination whether the department has made reasonable efforts or, if the Indian Child Welfare Act applies, active efforts to prevent or eliminate the need for

removal of the ward from the home. If the ward has been removed prior to the entry of the order, the order shall also include a determination whether the department has made reasonable or active efforts to make it possible for the ward to safely return home. In making the determination under this subsection, the court shall consider the ward's health and safety the paramount concerns.

"(2) In support of its determination whether reasonable or active efforts have been made by the department, the court shall enter a brief description of what preventive and reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family."

Thus, under ORS 419B.340, a determination of reasonable efforts must be included in the disposition order—which must be entered at the termination of the hearing, ORS 419B.325(1)—and "[i]n support of [that] determination," a description must be "enter[ed]." Given that context, DHS's argument that the description need only be entered somewhere in the record, separate from the determination that the description supports, is unpersuasive. Mother is correct that ORS 419B.340 requires that the description be entered in the disposition order.

Because a disposition order is entered at the conclusion of a disposition hearing, however, we reject mother's argument that she was not required to preserve her claim of error regarding the ORS 419B.340(2) description. As noted, mother relies on *M. A.* That case involved a failure to make findings required, under ORS 419B.476(5), to be entered in an order *after* a permanency hearing. We explained that ORS 419B.476(5)

"dictates that the required findings be made—not at the time of hearing—but in an order issued within 20 days after the hearing. ORS 419B.476(5). Until that order issued, mother had no way of knowing that the court would enter a judgment that did not comply with the statute. Indeed, it was not unreasonable for mother to assume that the court, in entering the written judgment, would make the findings necessary to support its oral ruling. In other words, mother had 'no practical ability to raise [the] issue,' *Peeples* [*v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008)], because the issue did not arise until the court entered the judgment.

Because the error in the judgment that mother raises on appeal is not one that she failed to preserve, it is not one that is subject to the constraints of plain error review."

*M. A.*, 227 Or App at 182 (first brackets in *M. A.*); *see also State ex rel Juv. Dept. v. J. F. B.*, 230 Or App 106, 112, 214 P3d 827 (2009) (citing *M. A.* for proposition that preservation was a practical impossibility where ORS 419B.476(5) required entry of findings after the hearing).

■    Because ORS 419B.325(1) requires a disposition order to be entered at the termination of the hearing—rather than an order after the hearing—this case is more closely analogous to *State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 200 P3d 615 (2009), in which we did require preservation of the claim of error. In *J. N.*, the statutes at issue were ORS 419B.476(2)(d) and ORS 419B.449(2) and (3), which, we explained, "plainly require the trial court to make particular findings of fact at the conclusion of a permanency hearing."[3] 225 Or App at 144. Although the trial court had plainly erred by failing to make one finding, we declined to exercise our discretion to review the father's claim of error because

"it appears that the trial court did make the required findings in all but one respect, *viz.*, the number of schools attended. It is at least arguable that, in all other respects, the written judgment, the court's oral findings, and its reference to incorporation of evidence in the record satisfied the statute. With that in mind, we also note that father does

---

[3] ORS 419B.476(2)(d) provides:

"At a permanency hearing the court shall:

"* * * * *

"(d)  Make the findings of fact under ORS 419B.449(2)."

ORS 419B.449 provides, in part:

"(2)  The court shall conduct a hearing provided in subsection (1) of this section in the manner provided in ORS 419B.310, except that the court may receive testimony and reports as provided in ORS 419B.325. *At the conclusion of the hearing, the court shall enter findings of fact.*

"(3)  If the child or ward is in substitute care and the decision of the court is to continue the child or ward in substitute care, the findings of the court shall specifically state:

"[Particular determinations.]"

(Emphasis added.)

not explain why the particular finding that was required matters in this case—that is to say, father does not explain how the absence of the finding harmed his case. Moreover, as in [*State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993)], we note that, had there been a request for all of the findings required by ORS 419B.449(3), the trial court easily could have complied with the request."

*J. N.*, 225 Or App at 145 (emphasis omitted). Here, likewise, mother offers no explanation of how her case was harmed by the absence of the brief description of what preventive and reunification efforts were made and why further efforts could or could not have prevented or shortened child's removal from her care and placement with father; indeed, she argued at the hearing only that child should be returned to her care instead of father's. Had she requested that the juvenile court enter the brief description required by ORS 419B.340(2), the court easily could have done so. Accordingly, we decline to exercise our discretion to review the error.

Affirmed.