Submitted June 12, affirmed November 7, 2012

In the Matter of J. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. C.,
*Appellant.*

Klamath County Circuit Court
1100484JV;
Petition Number 1100484;
A150460

290 P3d 900

Peter Gartlan, Chief Defender, and Shannon Storey, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Mother appeals from a judgment of the juvenile court making her two-year-old son a ward of the juvenile court and committing him to the custody of the Department of Human Services (DHS), based on allegations that the child was under threat of harm for neglect, because mother had displayed mental or emotional instability that hinders her ability to parent, had been involved in incidents of domestic violence while the child was present, had failed to benefit from services offered by DHS, and continued to make poor decisions that placed the child at risk and at threat of harm.[1]

The jurisdictional and dispositional judgment included a determination that DHS had made reasonable preventive and unification efforts. Mother contends that the dispositional judgment is defective, however, because it fails to include a brief description of DHS's reasonable preventive and reunification efforts and an explanation why further efforts could not have prevented or shortened the separation of mother's family, as required by ORS 419B.340(2). Mother's contention is unpreserved. She asserts, however, that, under the circumstances, she did not have to preserve the error. In the alternative, she asks that we exercise our discretion to review it as plain error. We conclude that mother was required to preserve the alleged error, and we decline to exercise our discretion to review it as plain error.

ORS 419B.340 provides, in part:

"(1)  If the court awards custody to the Department of Human Services, the court shall include in the disposition order a determination whether the department has made reasonable efforts * * * to prevent or eliminate the need for removal of the ward from the home. If the ward has been removed prior to the entry of the order, the order shall also include a determination whether the department has

---

[1] The juvenile court's original judgment also included a determination that jurisdiction was warranted by reason of mother's residential instability, employment instability, and chaotic lifestyle, which interfered with her ability to safely parent, and placed the child under threat of harm. The judgment has since been amended to delete those grounds as bases for jurisdiction, and the parties agree that the issue as to whether the juvenile court erred in assuming jurisdiction on those bases is moot.

made reasonable efforts to make it possible for the ward to safely return home. In making the determination under this subsection, the court shall consider the ward's health and safety the paramount concerns.

"(2)   In support of its determination whether reasonable or active efforts have been made by the department, *the court shall enter a brief description of what preventive and reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family.*"

(Emphasis added.)

In *Dept. of Human Services v. D. D.*, 238 Or App 134, 141, 241 P3d 1177 (2010), *rev den*, 349 Or 602 (2011), we concluded that the findings required by ORS 419B.340(2) must be included in the dispositional order. It is not sufficient for the juvenile court to recite the findings on the record at the hearing. *Id*. at 142. DHS agrees that the juvenile court's failure to include the required findings in the dispositional judgment was error, but argues that mother failed to preserve the error.

Citing *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 182-83, 205 P3d 36 (2009), mother asserts that she was not required to object to the juvenile court's failure to include the statutorily required findings in order to preserve that issue for appeal. In *M. A.*, the juvenile court failed to include the findings required by ORS 419B.476(5) on the face of a permanency judgment. *Id*. at 179. The mother appealed, arguing that the failure to include the required findings in the judgment was reversible error. DHS responded that, because the mother had not objected to the juvenile court's failure to include the required findings, the argument was not preserved. We concluded that the argument did not need to be preserved. We explained that, because ORS 419B.476(5) gives the juvenile court until 20 days after the permanency hearing to enter a permanency judgment, until the order is issued, the mother has no way of knowing that the court would enter a judgment that does not comply with the statute. *Id*. at 182. Because the issue does not arise until the court enters the judgment after hearing, we explained that the parent has no practical ability to raise the issue; we concluded, accordingly, that the failure to make findings

required by ORS 419B.476(5) is not an issue that is subject to the constraints of plain error review. *Id.*; *see also Dept. of Human Services v. W. F.*, 240 Or App 443, 247 P3d 329 (2011) (reversing and remanding judgment that failed to comply with ORS 419B.476(5), despite lack of objection below).

We have refused to extend the reasoning of *M. A.* to a juvenile court's failure to include the required findings of ORS 419B.340(2) in a dispositional order. As we explained in *D. D.*, unlike the permanency judgment, which may be entered up to 20 days after the hearing, a dispositional order is required to be entered at the end of the hearing. *See* ORS 419B.325(1) (the juvenile court shall enter an appropriate dispositional order at the termination of the hearing). Because of that distinction, we concluded in *D. D.* that a parent can, and is required to, object to the court's failure to include the statutorily required findings in the disposition order in order to preserve the issue for appeal. 238 Or App at 144-45.

Mother asserts that this case is distinguishable from *D. D.*, because the juvenile court in this case did not, in fact, enter the dispositional order and judgment at the termination of the hearing, as required by ORS 419B.325(1), but delayed entering the judgment until three days after the conclusion of the hearing. As in *M. A.*, mother asserts she had no practical ability to raise the issue of the defect in the judgment until the judgment was entered. Consequently, she contends, she was not required to object, and her claim of error is not subject to the constraints of plain error review.

We reject mother's attempted distinction of *D. D.* Because a dispositional order is required to be entered at the conclusion of hearing, the court's failure to make the required finding is ripe for objection at that time, irrespective of the court's delay in entering the order. We conclude for that reason, as we did in *D. D.*, that mother had the opportunity and was required to preserve her claim of error that the court failed to make the required findings. 238 Or App at 144.

Mother, nonetheless, asserts that the error is plain and asks that we exercise our discretion to review it. The state agrees that the error is plain, but asserts that we should not exercise our discretion to review it, because the

juvenile court could have remedied the error had mother pointed it out, and the gravity of the error is slight. We conclude, as we did in *D. D.*, that we will not exercise our discretion to review the claim of error for two reasons: (1) Had mother informed the court that it had not made a statutorily required finding, the juvenile court could easily have corrected the error at that time, 238 Or App at 144-45; and (2) as in *D. D.*, mother has not shown that she suffered harm as a result of the juvenile court's failure to include the required brief description in the judgment. Especially in light of the juvenile court's findings on the record that the department's efforts in providing mother with "In-Home Safety and Reunification Services" were reasonable, and that mother had failed to benefit from those services, we conclude that the harm, if any, in failing to include the brief description of the services in the judgment is *de minimis*. Accordingly, we decline to exercise our discretion to review the error.

Affirmed.