Argued and submitted July 29, affirmed October 16, 2019

In the Matter of A.-R. A. S.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
T. S. J.,
*Appellant.*
Curry County Circuit Court
18JU08093;
A170096 (Control)

In the Matter of S. S. S.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
T. S. J.,
*Appellant.*
Curry County Circuit Court
18JU08094; A170097

451 P3d 1028

Mother appeals from juvenile court judgments taking dependency jurisdiction over her children. The court took jurisdiction over the children after mother and father admitted to allegations in the amended dependency petitions for the children. On appeal, mother argues that the allegations to which she and father admitted were insufficient to support jurisdiction. *Held*: Mother's and father's admissions were sufficient to support the court's exercise of dependency jurisdiction over the children.

Affirmed.

Cynthia Lynnae Beaman, Judge.

Shannon Flowers, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General; Benjamin Gutman, Solicitor General; and Cecil A. Reniche-Smith, Assistant Attorney General.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals from juvenile court judgments taking dependency jurisdiction over her children, A and S, entered after she and father admitted to jurisdictional allegations in the amended dependency petitions for the children and waived their respective rights to an evidentiary hearing. On appeal, mother argues that the court plainly erred in taking jurisdiction over her children because the allegations to which she and father admitted were insufficient to support jurisdiction.[1] We conclude that, under *Dept. of Human Services v. D. D.*, 238 Or App 134, 241 P3d 1177 (2010), *rev den*, 349 Or 602 (2011), mother's and father's admissions were sufficient to support the court's exercise of dependency jurisdiction over A and S. Thus, we affirm.

The relevant facts are procedural and not disputed. The Department of Human Services (DHS) petitioned the juvenile court to exercise dependency jurisdiction over A and S. In each of the amended petitions, DHS alleged, in part, as follows:

"2.  The children are within the jurisdiction of the Court by reason of the following facts and pursuant to ORS 419B.100(1)(c):

"The conditions or circumstances of said child[ren] are such as to endanger his/her own welfare by reason of the following facts:

"a)   [Mother] is the biological mother of [A and S].

---

[1] Father is not a party to this appeal; however, mother's arguments on appeal include reference to the admissions made by both parents. Because the Department of Human Services (DHS) has not objected to our consideration of father's admissions and because the primary jurisdictional allegation admitted to by father—that he is unable to protect the children from mother's neglectful behavior—is intertwined with mother's admissions, we address whether father's and mother's admissions, taken together, are sufficient in this case to support jurisdiction. *See Dept. of Human Services v. C. M.*, 284 Or App 521, 527 n 5, 392 P3d 820 (2017) (concluding that it was appropriate to consider father's challenge to allegations against mother, who did not appeal, where DHS did not object and the court's findings on the allegations against both parents were "necessarily intertwined"); *see also Dept. of Human Services v. E. M.*, 264 Or App 76, 85, 331 P3d 1054 (2014) (reversing a jurisdictional judgment where the evidence was insufficient to establish a risk of harm to the child from the mother's substance abuse and there was no established link between the proven allegation of the father's substance abuse posing a risk of harm to child and the mother's ability to safely parent).

"b)    [Mother's] mental health problems interfere with her ability to safely parent [A and S].

"c)    [Mother's] substance abuse problems interfere with her ability to safely parent [A and S].

"d)    [Mother's] chaotic lifestyle interferes with her ability to safely parent [A and S].

"e)    [Mother] lacks the parenting skills necessary to safely parent [A and S].

"f)    [Father] is the biological father of [A and S].

"g)    [Father] has had no contact with [A and S] for the past seven years, has not contributed to the child[ren]'s support, and has evidenced no interest in being a custodial resource for the child[ren].

"h)    [Father's] substance abuse problems interfere with his ability to safely parent [A and S].

"i)    [Father] does not have sole legal custody of the child[ren] and is unable to protect the child[ren] from the mother's neglectful behavior."

After DHS filed the petitions, father and DHS worked out an agreement. Father agreed to admit to the allegations 2(f) and 2(i), as set out above. Father also agreed to admit to amended allegations 2(g) and 2(h). With respect to 2(g), father admitted that he "has had no contact with [A and S] for the past seven years and needs the assistance of [DHS] to establish a relationship." With respect to 2(h), father agreed "to complete [urinalysis] as requested." At a hearing, the juvenile court confirmed with father that he was making those admissions and giving up his right to an evidentiary hearing to have DHS prove those allegations by a preponderance of the evidence. Also, at that hearing, mother conceded that father was not a safe resource for the children and confirmed that she would not be arguing that father was a safe resource at her upcoming evidentiary hearing.

After father entered his admissions, and before the evidentiary hearing, mother and DHS worked out an agreement. Mother agreed to admit to allegations 2(a) and 2(b), as set out above, and agreed to admit to an amended allegation 2(e). With respect to 2(e), mother admitted that she "needs assistance of DHS to enhance her parenting skills with the

child[ren]." Mother also agreed to waive her right to an evidentiary hearing. In return, DHS agreed to move to dismiss allegations 2(c) and 2(d).

At the time set for the evidentiary hearing, DHS moved to dismiss those allegations as agreed. The juvenile court confirmed with mother that she was admitting to allegations 2(a) and 2(b), and the modified allegation 2(e), and that she was giving up her right to an evidentiary hearing. In doing so, the court specifically confirmed with mother that she understood that she was giving up her right to "have a hearing where the State has to prove that more likely than not that the allegations in the petition are true." The juvenile court also admitted, as an exhibit to the hearing, dispositional reports that DHS had prepared. Those reports provided, among other things, that mother "has not been able to demonstrate impulse control," she acts on "her urges and desires," she "has not been able to use resources necessary to meet her children's basic needs," including providing shelter, safety, and food, she "has not been able to use acceptable and appropriate means for treating her mental illnesses," and she "struggles to understand the cause and effect relationship between her own actions and the results for her children."

After confirming mother's admissions and waiver and admitting the dispositional reports as an exhibit, the juvenile court took jurisdiction over the children, under ORS 419B.100(1)(c). The juvenile court then entered jurisdictional judgments for A and S, making them wards of the court.

Mother appeals those jurisdictional judgments. She argues that the juvenile court committed plain error in taking jurisdiction over A and S because her and father's admissions were insufficient to support that jurisdiction. Specifically, she argues that those admissions do not support a conclusion that A and S were exposed to a current, nonspeculative threat of serious loss or injury, which is required for dependency jurisdiction under ORS 419B.100 (1)(c). *See, e.g.*, *Dept. of Human Services v. A. F.*, 243 Or App 379, 386, 259 P3d 957 (2011) ("[F]or the juvenile court to have jurisdiction over a child pursuant to ORS 419B.100 (1)(c), the child's condition or circumstances must give rise to

a threat of serious loss or injury to the child. The threat must be current. And, there must be a reasonable likelihood that the threat will be realized." (Internal citations omitted.)).

DHS responds that the juvenile court did not commit plain error because mother invited any error by making her admissions and waiving a hearing, and that, even if the court did err, we should not exercise our discretion to correct that error. In addition, DHS argues that we should overrule *D. D.* on which mother relies for the proposition that, although a parent can stipulate to facts supporting jurisdiction, the parent cannot stipulate to juvenile court jurisdiction itself. DHS argues that *D. D.* was wrongly decided because juvenile court jurisdiction is not akin to subject matter jurisdiction, as stated in *Chandler v. State*, 230 Or 452, 370 P2d 626 (1962), and, thus, a parent's objection to the juvenile court taking jurisdiction over a child can be waived, precluding any appeal of that issue.

We conclude that, under the standard articulated in *D. D.*, mother's and father's admissions were sufficient to support the juvenile court's jurisdiction over A and S.[2] As a result, we do not reach DHS's contention that we should

_____

[2] DHS urges us to review this case pursuant to our usual plain error review standards, ORAP 5.45(1), rather than the standard articulated in *D. D.* DHS notes that we have done so in a past case, *Dept. of Human Services v. E. L. G.*, 270 Or App 308, 347 P3d 825 (2015), and asks us to resolve the tension about the standard to apply in these cases that *E. L. G.* and *D. D.* raise. We do not perceive the tension in those cases that DHS suggests. In *E. L. G.*, the mother had admitted to an allegation, but the father had not. The father instead agreed to "stand silent" as to a single remaining allegation against him and, thus, did not cross-examine DHS's witness, did not put on his own evidence, and did not otherwise contest the juvenile court's taking of jurisdiction of his child. The mother also did not challenge the evidence or contest jurisdiction. *E. L. G.*, 270 Or App at 311-13. Both parents appealed, and we were asked by both parents to determine if the evidence submitted at the hearing was sufficient to support jurisdiction. *Id.* at 314. In that light, the standard set forth in *D. D.*—which requires us to presume that DHS could submit evidence to establish admitted allegations— would not have been appropriate because DHS did put on its evidence in *E. L. G.* We thus addressed whether it was plain error for the juvenile court to take jurisdiction based on that evidence, and concluded that, even if it was plain error, we would not exercise our discretion to correct it for reasons that included the parents' strategic choice to "stand silent" during DHS's presentation of evidence. *E. L. G.*, 270 Or App at 315-16. We thus read *E. L. G.* and *D. D.* as providing different standards of review to apply when a parent does not preserve an objection to the court taking jurisdiction over a child, depending on the posture of the case below. Because we do not perceive the tension in the case law suggested by DHS, we proceed in this case to apply *D. D.*

overrule *D. D. See Dept. of Human Services v. L. S. H.*, 286 Or App 477, 482, 398 P3d 1013, *rev den*, 362 Or 94 (2017) (declining to address the same contention by DHS because the admitted allegations were sufficient to support jurisdiction); *Dept. of Human Services v. T. E. B.*, 279 Or App 126, 131 n 2, 377 P3d 682, *rev den*, 360 Or 422 (2016) (same).

In *D. D.*, we held that, "although a party may stipulate to facts supporting jurisdiction, jurisdiction cannot itself be created by stipulation." 238 Or App at 138. Thus, even if a parent does not challenge jurisdiction below, we must consider on appeal whether the juvenile court properly found jurisdiction. *Id.* Where the parent waives the right to have DHS prove its allegations, we are not concerned with the sufficiency of the evidence on appeal. "Rather, we consider only whether, pursuant to the allegations, DHS would have been allowed to offer evidence that would establish juvenile court jurisdiction." *Id.* at 139. The key inquiry in this case, as it was in *D. D.*, is "whether the allegations would permit the introduction of evidence of danger to the child's welfare." *Id.* Under that standard, we conclude that the juvenile court did not err in taking jurisdiction over A and S.

Here, mother admitted that her "mental health problems interfere with her ability to safely parent [A and S]." Liberally construing that allegation in favor of DHS, as we must, *D. D.*, 238 Or App at 141, DHS would have been permitted to put on evidence that mother's mental health problems present a current, nonspeculative risk of harm to A and S, because those problems interfere with mother's ability to *safely* parent. In addition, father admitted that he "is unable to protect the child[ren] from the mother's neglectful behavior." With respect to that allegation, DHS would have been permitted to put on evidence that father could not protect the children from the current, nonspeculative risk of harm to the children presented by mother's mental health problems. Thus, the allegations to which mother and father admitted can be construed to contain facts that bring the children within the jurisdiction of the court because "it would show that [the children's] condition or circumstances expose [them] to a current threat of serious loss or injury that is reasonably likely to be realized

absent juvenile court intervention." *L. S. H.*, 286 Or App at 485 (citing *State ex rel Juv. Dept. v. Smith*, 316 Or 646, 651-53, 853 P2d 282 (1993)). Indeed, the statements in the dispositional reports about mother's inability to access resources to ensure that the children's basic needs are met, among other things, indicate that DHS was prepared to introduce such evidence in support of the allegations that mother and father admitted. Because mother and father waived a right to have DHS put on evidence supporting those allegations and those allegations are sufficient to support jurisdiction under ORS 419B.100(1)(c), the juvenile court did not err in concluding that A and S were within its jurisdiction.

Affirmed.