Argued and submitted May 5, affirmed July 20, petition for review allowed
October 20, 2011 (351 Or 254)

In the Matter of D. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. R. F.,
*Appellant.*

Clackamas County Circuit Court
100350J
Petition Number 100350J01
A147396

261 P3d 42

Mary Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

The issue in this dependency case is whether the juvenile court may order visitation between a child, who is a ward of the court, and her siblings, who are not wards of the court. We agree with the trial court that it properly ordered visitation between the siblings and, therefore, affirm.

Father and his 15-year-old daughter D are within the jurisdiction of the juvenile court by reason of father having assaulted D. Father is facing criminal charges arising out of that conduct and is prohibited from having contact with D, and D does not want any contact with father. However, D, who is in foster care, would like to see her siblings and a step-sibling, ages 12, 5, and 2, who are in father's physical custody and not within the court's jurisdiction.

During a dispositional review hearing, the juvenile court heard evidence that D wanted to visit her siblings. The DHS caseworker's report stated that father was declining to make D's three siblings available to visit D so long as D did not want to see her father.[1] The court expressed concern over father's interference with visits between D and her siblings and suggested that it could require father to allow those visits. Father's counsel expressed the view that the court lacked authority to order father to allow his three other children, who were not within the court's jurisdiction, to visit with D. The court rejected father's argument, explaining that father was within the court's authority and that the sibling visits were necessary for D's well-being. The judgment states that "[f]ather will not interfere or obstruct contact between [D] and siblings."

On appeal, father asserts that the juvenile court lacked statutory authority to enter a judgment affecting his care of the other children, because those children are not within the court's jurisdiction. Further, he asserts that the court's order violates ORS 419B.090(4) and his constitutional right under the Fourteenth Amendment to the United States Constitution to direct the upbringing of his children. *Troxel v. Granville*, 530 US 57, 65, 120 S Ct 2054, 147 L Ed 2d 49

---

[1] Father did not attend the dispositional hearing, but his attorney was present.

(2000). Father has not requested *de novo* review; accordingly, we are bound by the juvenile court's factual findings unless there is no evidence in the record to support them, and we review the court's legal conclusions for errors of law. ORS 19.415(3)(b); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010).

We conclude that the juvenile court had statutory authority to order the visitation. There are several provisions of the Juvenile Code that govern the court's authority over the parent of a ward. For example, ORS 419B.385 provides that the parent is subject to the jurisdiction of the court and that "[t]he court may order the parent or guardian to assist the court in any reasonable manner in providing appropriate education or counseling for the ward." ORS 419B.387 provides further that the court may order the parent to participate in "treatment or training" if it is in the ward's best interest. Although none of those provisions speaks to the court's authority to direct a parent's conduct with respect to children who are not within the court's jurisdiction, ORS 419B.337(3) provides specifically that the juvenile court "may make an order regarding visitation by the ward's parents or siblings." We conclude that that statute provides authority for the court to make an order regarding visitation with siblings who are not wards of the court or within the court's jurisdiction.

ORS 419B.389 provides that a parent who believes or claims that "financial, health or other problems will prevent or delay the parent's compliance with an order of the court must inform the court of the relevant circumstances as soon as reasonably possible and, if appropriate, seek relief from the order under ORS 419B.923." Although father asserted that the court lacked authority to require him to allow visits with D's siblings, he did not offer any reason at the hearing for being unable to comply with the court's order.

Father argues, for the first time on appeal, that the juvenile court's actions must not only comply with the Juvenile Code but with the constitutional limitations on state power. ORS 419B.090(4);[2] *State ex rel Juv. Dept. v.*

---

[2] The court's authority is circumscribed by ORS 409B.190(4), which provides:

"It is the policy of the State of Oregon to guard the liberty interest of parents protected by the Fourteenth Amendment to the United States

*Smith*, 205 Or App 152, 165-67, 133 P3d 924 (2006). Citing *Troxel*, father asserts that the juvenile court's order requiring him to make his children available for visitation with D violated ORS 419B.090(4), because that order interfered with his fundamental liberty interest under the Fourteenth Amendment to direct the upbringing of his three children who are not within the jurisdiction of the juvenile court. Father asserts that, as a fit parent with respect to the children who are in his physical custody and not within the jurisdiction of the court, there is a presumption that he is acting in their best interests. *See O'Donnell-Lamont and Lamont*, 337 Or 86, 119-20, 91 P3d 721 (2004), *cert den*, 543 US 1050 (2005). He asserts further that, in the absence of a finding that that presumption has been overcome, he cannot be directed by the court regarding his conduct with respect to those children or his decision not to allow D to visit them.

Preservation of error requirements apply in juvenile dependency cases. *See State v. R. H.*, 237 Or App 245, 251, 239 P3d 505 (2010) (applying preservation of error requirements in a juvenile dependency proceeding); *State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 143-44, 200 P3d 615 (2009) (same). We have examined the record and, although, as noted, the parties discussed the question of the court's authority to require father to allow visitation, father did not raise to the juvenile court and, therefore, did not preserve for appeal, his constitutional argument under *Troxel*. Accordingly, we do not reach that argument.

Affirmed.

---

Constitution and to protect the rights and interests of children, as provided in subsection (2) of this section. The provisions of this chapter shall be construed and applied in compliance with federal constitutional limitations on state action established by the United States Supreme Court with respect to interference with the rights of parents to direct the upbringing of their children, including, but not limited to, the right to:

"(a) Guide the secular and religious education of their children;

"(b) Make health care decisions for their children; and

"(c) Discipline their children."