Argued and submitted August 3, reversed and remanded September 2, 2009

In the Matter of A. A. N.,
a Minor Child.

STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

T. N.,
*Appellant.*

Jackson County Circuit Court
060310J; Petition Number 060310JA;
A141384 (Control)

In the Matter of A. J. N.,
a Minor Child.

STATE ex rel DEPARTMENT OF HUMAN SERVICES,
*Respondent,*

*v.*

T. N.,
*Appellant.*

Jackson County Circuit Court
060309J; Petition Number 060309JA;
A141385

216 P3d 341

Megan L. Jacquot argued the cause and filed the brief for appellant.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong, Judge, and Wollheim, Judge.

PER CURIAM

**PER CURIAM**

Mother appeals judgments changing the permanency plan for her two children from permanent foster care to permanent guardianship. One of mother's assignments of error is that the judgments do not comport with the requirements of ORS 419B.476(5), because they do not explain why placement with mother is not appropriate. We agree that the judgments are defective, for an even more fundamental reason. The judgments are essentially boilerplate recitations and, at various points, incorporate by reference certain "attached report(s)." For example, the judgments state that the court "finds that the attached reports(s) from Department of Human Services / Child Welfare Division do accurately set forth the ward's school attendance; length of attendance at each school," and that "Department of Human Services / Child Welfare Division has made diligent efforts to place the child with a suitable relative, set forth in the report(s) attached hereto and the record herein." No reports are attached to the judgments, and it is impossible to determine what reports the court intended to incorporate. In fact, the state concedes on appeal that the "report(s)" to which the judgments refer might not even be part of the record in this case.

Those defects in the judgments preclude meaningful review in this appeal. We cannot determine what the trial court relied on, or whether we should defer in any way to the trial court's credibility determinations. For that reason, we reverse and remand the judgments so that the trial court can remedy those defects. Cf. *State ex rel DHS v. M. A.*, 227 Or App 172, 183, 183 n 10, 205 P3d 36 (2009) (reversing and remanding judgment that failed to comply with ORS 419B.476(5) and noting that "the court did not incorporate by reference or otherwise adopt the caseworker's court report; in any event, that alone would have been insufficient in this case to satisfy the requirements of the statute").

Reversed and remanded.