227 P.3d 1180 (2010)
233 Or. App. 618
In the Matter of N.E., a Child.
DEPARTMENT OF HUMAN SERVICES, Petitioner-Respondent,
v.
G.E., Appellant.
0700557; Petition Number 08JU066; A142930.
Court of Appeals of Oregon.
Argued and Submitted December 17, 2009.
Decided February 17, 2010.
Mary Shannon Storey, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.
Michael A. Casper, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
*1181 Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and ROSENBLUM, Judge.
PER CURIAM.
This is a juvenile dependency case in which mother appeals from a judgment authorizing the concurrent plan of adoption as the permanency plan for her daughter, N. She argues, first, that the trial court erred in failing to make several of the findings required to authorize a change in the permanency plan from reunification to adoption and that, consequently, our review is premature. In her second assignment of error, she contends that the court erred in approving the change in plan. As explained below, we agree with mother that the court erred by not including in the judgment the determination required by ORS 419B.498(2) and that the case must be remanded. State ex rel. Juv. Dept. v. J.F.B., 230 Or.App. 106, 115, 214 P.3d 827 (2009). Accordingly, we reverse and remand without reaching mother's other contentions regarding the trial court's failure to make findings or her second assignment of error.
Under ORS 419B.476(5), the court is required to enter an order within 20 days after a permanency hearing. If the court determines that the permanency plan for a ward should be adoption, the order "shall include," among other things, "the court's determination of whether one of the circumstances in ORS 419B.498(2) is applicable." ORS 419B.476(5)(d). ORS 419B.498(2), in turn, sets forth the circumstances under which proceeding to termination of a parent's parental rights is not required.
In this case, the judgment is a "check-the-box" form. The form includes a box for the court to indicate that "[n]one of the circumstances in ORS 419B.498(2) applies." The court left that box unchecked. However, the state argues that we can nonetheless infer that the court made that finding because the judgment ordered that N be placed for adoption and that a termination of parental rights petition be filed "[a]s soon as possible."
The state's argument is foreclosed by J.F.B. In J.F.B., we held that, if the court changes the permanency plan from reunification to adoption, ORS 419B.476(5)(d) requires the judgment to include the court's determination that "none of the circumstances enumerated in ORS 419B.498(2) is applicable." 230 Or.App. at 114-15, 214 P.3d 827. We further held that failure to do so is a deficiency requiring reversal and remand. Id. at 115, 214 P.3d 827. Here, the form judgment provided a check-off box for the court to indicate that it had made the required determination. It is undeniable that the court left that box unchecked. Thus, as in J.F.B., the judgment fails to comply with the statutory directive, and, accordingly, it must be reversed and the case remanded. See id.; see also State ex rel DHS v. M.A. (A139693), 227 Or.App. 172, 183-84, 205 P.3d 36 (2009) (reversing and remanding where the court failed to include the findings required under ORS 419B.476(5)(f) in a judgment changing the permanency plan for the child to "another planned permanency living arrangement").
Reversed and remanded.