Submitted March 19, 2010, permanency judgment entered September 17, 2009, reversed and remanded; otherwise affirmed April 21, 2010

In the Matter of T. L. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. P. H.,
*Appellant.*

Jackson County Circuit Court
080551J;
Petition Number 080551JA;
A143299

230 P3d 75

Peter Gartlan, Chief Defender, and Holly Telerant, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

In this juvenile dependency case, mother appeals two judgments involving her son T. The first, entered in the trial court on August 14, 2009, asserts jurisdiction over T and commits him to the custody of the Department of Human Services (the jurisdictional judgment); the second, entered on September 17, 2009, approves a permanency plan of adoption for T (the permanency judgment). In her first assignment of error, mother challenges the jurisdictional judgment on the ground that the allegations contained in the dependency petition are legally insufficient to establish jurisdiction. We reject that assignment of error without discussion. In her second assignment, mother challenges the permanency judgment, arguing that the court failed to make the findings necessary to authorize the change in the permanency plan for T from reunification to adoption. We agree with mother that the permanency judgment failed to include the determination required under ORS 419B.476(5)(d). Accordingly, we reverse and remand the permanency judgment and otherwise affirm.

■■ If, after a permanency hearing, the court concludes that the permanency plan for the child should be adoption, the permanency judgment must include the court's determination that "none of the circumstances enumerated in ORS 419B.498(2) is applicable." *State ex rel Juv. Dept. v. J. F. B.*, 230 Or App 106, 115, 214 P3d 827 (2009); *see also* ORS 419B.476(5)(d). ORS 419B.498(2) sets forth the circumstances under which the Department of Human Services (DHS) is not required to file a petition to terminate the parental rights of a parent of the child, specifically, if the child is being cared for by a relative and that placement is intended to be permanent, (subsection (a)); if there is a compelling reason, documented in the case plan, for determining that filing a termination petition would not be in the best interests of the child, (subsection (b)); or if DHS has not timely provided to the family the services necessary for the child to safely return home, (subsection (c)).

It is indisputable that the permanency judgment in this case does not explicitly include the determination required by ORS 419B.476(5)(d) and, derivatively, ORS

419B.498(2). Nor, as the state suggests, can we infer that determination from the "judgment as a whole." *See Dept. of Human Services v. G. E.*, 233 Or App 618, 619-20, 227 P3d 1180 (2010) (rejecting state's argument that appellate court could infer the required determination from the fact that the judgment ordered the filing of a termination petition). Accordingly, the permanency judgment must be reversed and remanded. *J. F. B.*, 230 Or App at 115. Given that disposition, we need not consider mother's other grounds for challenging the sufficiency of the findings in the permanency judgment.

Permanency judgment entered September 17, 2009, reversed and remanded; otherwise affirmed.