Submitted November 2, reversed and remanded December 15, 2010

In the Matter of N. S., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. S.,
*Appellant.*

Lane County Circuit Court
99520J;
Petition Number 99520J05;
A145978 (Control)

In the Matter of G. S., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. S.,
*Appellant.*

Lane County Circuit Court
99521J;
Petition Number 99521J05;
A145979

244 P3d 923

Peter Gartlan, Chief Defender, and Shannon Flowers, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

In this juvenile dependency case, mother appeals a judgment changing the permanency plan for her two children from reunification to guardianship. She contends that the juvenile court erred in entering the permanency judgment because the judgment does not include the findings required by ORS 419B.476(5). The Department of Human Services concedes that the juvenile court erred in failing to include statutorily required findings in the judgment and that the case should be reversed and remanded. *See, e.g., Dept. of Human Services v. L. P. H.*, 235 Or App 69, 70-71, 230 P3d 75 (2010) (reversing and remanding entry of permanency judgment that did not include required findings). Mother objects to a remand, arguing that, because ORS 419B.476(5) requires the entry of a permanency judgment within 20 days of the permanency hearing, allowing the juvenile court to make findings on remand would allow it to enter judgment well after the deadline. We reject mother's argument. It is undisputed that the permanency judgment in this case was entered within the 20-day period. The timeliness of the judgment therefore is not at issue in this appeal.

Reversed and remanded.