Submitted November 2, reversed and remanded December 15, 2010

In the Matter of M. W., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. W.,
*Appellant.*

Crook County Circuit Court
0506WYLIM;
Petition Number 09JV0069;
A146142

244 P3d 922

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

In this juvenile dependency case, father appeals a judgment changing child's permanency plan from reunification to adoption. He contends that the juvenile court erred in entering the permanency judgment because the judgment does not include the findings required by ORS 419B.476(5)(d). The Department of Human Services concedes that the juvenile court erred in failing to include statutorily required findings in the judgment and that the case should be reversed and remanded, as we have done in similar cases. *See, e.g., Dept. of Human Services v. L. P. H.*, 235 Or App 69, 70-71, 230 P3d 75 (2010). Father replies that we should simply reverse the judgment and not remand to allow the court to make the required findings. His reasoning is that, under ORS 419B.476(5), the court must enter the permanency judgment within 20 days of the permanency hearing. If we remand to permit the court to make the required findings now, he argues, we will effectively be allowing the court to enter judgment well after the 20-day deadline. We reject father's argument. It is undisputed that the permanency judgment in this case was entered within the 20-day period. The timeliness of the judgment therefore is not at issue in this appeal.

Reversed and remanded.