244 P.3d 922 (2010)
239 Or. App. 596
In the Matter of M.W., a Child.
DEPARTMENT OF HUMAN SERVICES, Petitioner-Respondent,
v.
J.W., Appellant.
0506WYLIM; Petition Number 09JV0069; A146142.
Court of Appeals of Oregon.
Submitted November 2, 2010.
Decided December 15, 2010.
Peter Gartlan, Chief Defender, and Mary Shannon Storey, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.
Before LANDAU, Presiding Judge, and ORTEGA, Judge, and SERCOMBE, Judge.
PER CURIAM.
In this juvenile dependency case, father appeals a judgment changing child's permanency plan from reunification to adoption. He contends that the juvenile court erred in entering the permanency judgment because the judgment does not include the findings required by ORS 419B.476(5)(d). The Department of Human Services concedes that the juvenile court erred in failing to include statutorily required findings in the judgment and that the case should be reversed and remanded, as we have done in similar cases. See, e.g., Dept. of Human Services v. L.P.H., 235 Or.App. 69, 70-71, 230 P.3d 75 (2010). Father replies that we should simply reverse the judgment and not remand to allow the court to make the required findings. His reasoning is that, under ORS 419B.476(5), the court must enter the permanency judgment *923 within 20 days of the permanency hearing. If we remand to permit the court to make the required findings now, he argues, we will effectively be allowing the court to enter judgment well after the 20-day deadline. We reject father's argument. It is undisputed that the permanency judgment in this case was entered within the 20-day period. The timeliness of the judgment therefore is not at issue in this appeal.
Reversed and remanded.