Argued and submitted December 15, 2010, Case Number A145459 dismissed as moot; Case Number A146190 reversed and remanded January 19, 2011

In the Matter of S. W. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

W. F.,
*Appellant.*

Hood River County Circuit Court
J0703401;
Petition Number J0703402;
A145459 (Control), A146190

247 P3d 329

Megan L. Jacquot argued the cause and filed the brief for appellant.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

■        This is a consolidated appeal in a dependency case in which father appeals an April 1, 2010, trial court order entitled "ORDER ON REVIEW; ORDER SETTING FURTHER PROCEEDINGS" (Case Number A145459) and a subsequent permanency judgment entered June 30, 2010 (Case Number A146190). Although the April 1 order indicates that it arose out of a permanency hearing, it appears that the court treated the hearing as a review hearing and continued the permanency hearing to a later date. Then, after the continued hearing, the court entered the June 30 permanency judgment, which, as noted, father also appeals. In light of that judgment, father's appeal of the order on review is moot, and we dismiss it on that basis.[1] *See Dept. of Human Services v. J. G.*, 239 Or App 261, 244 P3d 385 (2010) (appeal of order from review hearing moot in light of subsequent permanency judgment that subsumed findings from review hearing).

■        With respect to the permanency judgment, father raises various challenges, among them that the trial court erred in failing to include in the judgment the determinations required by ORS 419B.476(2)(b) and (c). We agree with father on that issue; accordingly, we reverse and remand the judgment for the trial court to make the necessary determinations and enter a judgment that complies with the statute, and we do not address father's remaining arguments.

        Under ORS 419B.476(5), the court must, within 20 days after a permanency hearing, enter an order, detailing, among other things, "[t]he court's determination required under subsections (2) and (3) of this section, including a brief description of the efforts the department has made with regard to the case plan in effect at the time of the permanency hearing." In this case, as the parties agree, the plan in effect at the time of the hearing was adoption. Thus, the court was required to include in the permanency judgment its determinations as to (1) "whether the department has made reasonable efforts to place the ward in a timely manner

---

[1] Father apparently would not disagree with that result. His arguments to us focus exclusively on the permanency judgment and on obtaining a reversal of that judgment; he advances no arguments with respect to the April 1 order.

in accordance with the plan, including, if appropriate, reasonable efforts to place the ward through an interstate placement, and to complete the steps necessary to finalize the permanent placement," ORS 419B.476(2)(b), and (2) "whether the department has considered permanent placement options for the ward, including, if appropriate, whether the department has considered both in-state placement options and permanent interstate placement options for the ward," ORS 419B.476(2)(c).

Father contends that the judgment fails to satisfy those requirements. In response, the state first argues that father's argument is unpreserved and not reviewable as plain error. That argument is foreclosed by *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 181-82, 205 P3d 36 (2009) (preservation principles inapposite where judgment failed to comply with ORS 419B.476(5) because the issue did not arise until the court entered the judgment). On the merits, the state does not argue—nor could it—that the judgment explicitly contains the required determinations. Rather, the state's sole contention is that "the court's incorporation of the Permanency Court Report into the judgment constitutes the proper statutory findings." However, the judgment plainly refers to and incorporates that report only insofar as it relates to DHS's "active efforts to make it possible for the ward to safely return home." (Formatting omitted.) Thus, it cannot and does not satisfy the statute's requirement that the judgment describe DHS's reasonable efforts to implement the plan of adoption. ORS 419B.476(2)(b), (c), (5).

Case Number A145459 dismissed as moot; Case Number A146190 reversed and remanded.