Argued and submitted August 3, reversed and remanded October 19, 2011

In the Matter of
S. G. R. L.-L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. B.,
aka L. L.,
*Appellant.*

Yamhill County Circuit Court
00380545;
Petition Number J12878;
A147703 (Control)

In the Matter of
M. A. L., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. B.,
aka L. L.,
*Appellant.*

Yamhill County Circuit Court
00380547;
Petition Number J12878;
A147727

265 P3d 42

Mary Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Mother appeals judgments changing the perma-
nency plan for her children, who are in the state's custody,
from reunification with her to adoption. She argues that the
juvenile court erred in entering the judgments because they
do not include the finding required by ORS 419B.476(5)(d)—
namely, a finding as to whether "[t]here is a compelling rea-
son * * * for determining that filing such a petition [to ter-
minate parental rights] would not be in the best interests of
the child or ward." ORS 419B.498(2)(b) (cross-referenced in
ORS 419B.476(5)(d)). Mother concedes that she did not raise
that issue below, and the Department of Human Services
(DHS) contends that, as a result, we should affirm the judg-
ments. We exercise our discretion to review the claimed error
and reverse the judgments.

Mother makes two arguments concerning preserva-
tion of error in the juvenile court. She first argues that she
had no practical opportunity to object to the lack of the find-
ing, considering that the error did not appear until judgment
was entered *after* the permanency hearing. *See State ex rel
DHS v. M. A. (A139693)*, 227 Or App 172, 182, 205 P3d 36
(2009) ("Here, the statute dictates that the required findings
be made—not at the time of hearing—but in an order issued
within 20 days after the hearing. ORS 419B.476(5). Until
that order issued, mother had no way of knowing that the
court would enter a judgment that did not comply with the
statute."). For that reason, mother contends, preservation
principles are inapplicable and her failure to previously
object is no impediment to appellate review. *Id.* (error in
entering judgment that failed to comply with ORS
419B.476(5) "is not one that [mother] failed to preserve, [and
therefore] it is not one that is subject to the constraints of
plain error review"); *see also Dept. of Human Services v.
W. F.*, 240 Or App 443, 247 P3d 329 (2011) (reversing and
remanding judgment that failed to comply with ORS
419B.476(5), despite lack of objection below); *Dept. of Human
Services v. J. W.*, 239 Or App 596, 244 P3d 922 (2010) (same);
*Dept. of Human Services v. L. P. H.*, 235 Or App 69, 230 P3d
75 (2010) (same); *Dept. of Human Services v. G. E.*, 233 Or
App 618, 227 P3d 1180 (2010) (same); *State ex rel Juv. Dept.*

*v. J. F. B.*, 230 Or App 106, 214 P3d 827 (2009) (same); *Dept. of Human Services v. T. N.*, 230 Or App 575, 216 P3d 341 (2009) (same). Alternatively, mother argues that the error is apparent on the face of the record and, considering its gravity, one that we should exercise our discretion to correct.

DHS, for its part, concedes that the permanency judgments lack the requisite finding under ORS 419B.476(5) and are therefore deficient on their face. DHS further acknowledges that this court's practice has been to reverse and remand in the case of judgments like these, notwithstanding a parent's failure to object below. However, DHS argues that this case is distinguishable from cases like *M. A.* because, in this instance, mother was provided with the forms of judgment before they were entered. Moreover, DHS points out, the juvenile court, at the close of the permanency hearing, specifically asked mother whether she wanted the court to make any further findings, and mother did not mention the findings required by ORS 419B.476(5). Thus, DHS argues, not only was mother required to object under the circumstances, but her lack of an objection is reason enough for this court to decline to review for plain error. *See State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 145, 200 P3d 615 (2009) (declining to exercise discretion to review juvenile court's failure to make findings under ORS 419B.476(2)(d) where "it appears that the trial court *did* make the required findings in all but one respect, *viz.*, the number of schools attended. It is at least arguable that, in all other respects, the written judgment, the court's oral findings, and its reference to incorporation of evidence in the record satisfied the statute." (Emphasis in original.)).

We need not resolve the parties' preservation dispute because, even if ordinary preservation principles were to apply to this circumstance, we would nonetheless exercise our discretion to correct the plainly erroneous judgments. *Cf. State v. Clay*, 235 Or App 26, 30, 230 P3d 72 (2010) (declining to resolve parties' preservation dispute where trial court's admission of expert medical diagnosis of sexual abuse was plain error that the court would exercise its discretion to correct). Apparently, after the permanency hearing, DHS provided mother with "check the box" forms of judgment. The form used for both judgments, frankly, is confusing—at least

with respect to the findings required by ORS 419B.476(5) and ORS 419B.498(2)(b). The form has a section entitled "Compelling Reasons" that includes an option to check a box that "DHS has demonstrated compelling reasons why filing a Petition to Terminate Parental Rights would not be in the child(ren)'s best interests at this time," as well as boxes that, if checked, reflect particular reasons (such as that the parents are "successfully working to complete a plan and improve protective capacities"). The "Compelling Reasons" section later includes a box for a finding that "DHS has failed to demonstrate compelling reasons why filing a Petition to Terminate Parental Rights would not be in the child(ren)'s best interest at this time."[1] However, the structure of the form does not make clear that the later finding—"DHS has failed to demonstrate compelling reasons"—is an *alternative* to the earlier box stating that "DHS has demonstrated compelling reasons * * *." Indeed, the alternative findings are separated by yet another box stating, "DHS has not provided the child(ren)'s parents with the services the agency deemed necessary for the safe return of the child(ren), within the time frame the agency established in the case plan, if reasonable efforts to make it possible for the child(ren) to safely return home are required."[2]

None of the boxes within the "Compelling Reasons" section of the judgments were checked in this case, and, given the forms, it is unsurprising that neither the parties nor the court discovered that error. Based on the judgments, we can only infer, from the court's ultimate conclusion to change the plan as to each child, that it actually made the specific, predicate finding for a change of plan set out in ORS

---

[1] Adding to the confusion, the form phrases the relevant findings in terms of what DHS "has demonstrated" or "failed to demonstrate," whereas ORS 419B.498(2)(b) is simply phrased in terms of whether the circumstance exists—*i.e.*, whether "there is a compelling reason * * *."

[2] Whether the agency has or has not provided services is a relevant "circumstance" under ORS 419B.498(2)(c), but it is not, technically speaking, one of the "compelling reasons" for not moving toward termination listed in paragraph (2)(b) of the statute. In that sense, the "Compelling Reasons" title within the form is somewhat inaccurate; that section of the form more accurately pertains to the "circumstances in ORS 419B.498(2)," and "compelling reasons" are among those circumstances.

419B.476(5)(d)—namely, that there are *not* compelling reasons for determining that filing a petition to terminate parental rights would not be in the best interests of the child or ward.

The statute, however, demands more than inferences from a permanency judgment. As we explained in *M. A.*, ORS 419B.476(5) expresses the legislature's intent that "the trial court carefully evaluate DHS's decision to change a permanency plan for a child in order to ensure that the decision is one that is most likely to lead to a positive outcome for the child." 227 Or App at 183. Indeed, the matter is of such import that the legislature has required not only that the findings be made, but that they be expressly included in the court's written order. In other words, the legislature has manifested its intent that a juvenile court expressly connect all of the dots along the way to a change in the permanency plan. The court did not do so in this case and, given the clear legislative mandate and interests at stake, as well as the confusing form of judgment, we consider this an appropriate case in which to exercise our discretion to correct the errors in the permanency judgments.

Reversed and remanded.