Submitted July 9, January 11 and January 25, 2012, judgments reversed and remanded September 19, 2012

In the Matter of A. P., G. P., and R. P.,
Children.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

H. P.,
*Appellant.*

Washington County Circuit Court
J090554, J090556, J090558;
Petition Number 01J090554M;
A150718

287 P3d 1175

Peter Gartlan, Chief Defender, and Kimberlee Petrie Volm, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

In this juvenile dependency case, father appeals a judgment changing the permanency plan for three of his children from reunification to adoption. He also appeals a subsequent judgment continuing the permanency plan. Father argues that, as to both judgments, the juvenile court erred in failing to include required statutory determinations under ORS 419B.476(5). He also contends that the court erred in determining that no compelling reason existed to defer filing a termination petition, ORS 419B.498(2), and that the court erred in changing the plan from reunification to adoption. Father concedes that, with respect to the court's failure to include the statutory determinations, he did not raise these issues below, and the Department of Human Services (DHS) contends that we should affirm the judgments for that reason. Because we agree with father that the judgment changing the permanency plan from reunification to adoption fails to include at least one of the required statutory determinations under ORS 419B.476(5), we reverse and remand.

Three of father's five children, A, G, and R, are the subjects of this appeal.[1] A, G, R, and another child, M, were removed from mother's and father's custody by DHS in September 2009. In October 2009, mother gave birth to D, and the juvenile court asserted jurisdiction over all five children. A, G, R, and M were placed in foster care, and D remained in parents' custody. In December 2010, M returned to parents' home, and both M and D remained in parents' care at the time of the permanency hearings; their placement is not at issue in this appeal.

At a hearing held on October 27, 2011, the court, based on testimony from a DHS caseworker and the children's Court Appointed Special Advocates, changed the permanency plan for A, G, and R from reunification to adoption, and ordered DHS to prepare the permanency judgment. For reasons not apparent in the record, the permanency judgment was entered *nunc pro tunc* on January 11, 2012, despite the mandate in ORS 419B.476(5) that the judgment be entered within 20 days of the hearing.

---

[1] Mother is not a party to this appeal.

As part of its findings required under ORS 419B.476(5)(a) regarding DHS's efforts toward reunification, the juvenile court checked a box stating that "DHS has made reasonable efforts to reunify the family during the period under review at the permanency hearing." The court then checked another box stating, "Fact Findings attached and incorporated herein." No such document was attached to the judgment; however, the court admitted a DHS exhibit at the hearing containing two copies of a one-page document titled "Fact Findings" that lists the services and assistance that DHS provided to the family.

The court held a subsequent hearing on January 23, 2012, and entered another judgment on January 25, 2012, continuing the permanency plan of adoption as to A, G, and R. The judgment contained another "check the box" finding that "DHS has made reasonable efforts to place the child(ren) in a timely manner (including, if applicable in an interstate placement) in accordance with the plan and to finalize the child(ren)'s permanent placement." The court again checked another box stating, "Fact Findings attached and incorporated herein." Again, no such document was attached to the judgment.

On appeal, father contends that, as to both the January 11 and January 25 judgments, the juvenile court erred in failing to include "a brief description of the efforts the department has made with regard to the case plan in effect at the time of the permanency hearing" as required by ORS 419B.476(5)(a).[2] Additionally, father argues that, as to A, G, and R, although the court complied with ORS 419B.476(5)(d) and ORS 419B.498(2) in making a determination that there was no compelling reason to defer filing a termination petition, that determination was substantively erroneous; for that and other reasons, father argues, the court erred in changing the permanency plan from reunification to adoption.

---

[2] Father also assigns error to the court's failure to enter the January 11, 2012, judgment within 20 days of the October 27, 2011, hearing. Because we are reversing and remanding the judgment on other grounds, we need not reach this assignment of error. Additionally, father assigns error to the January 11, 2012, judgment because it does not identify when the termination petition must be filed. This issue is moot in light of our conclusion here.

Because it is dispositive, we begin with father's argument that the January 11 judgment fails to include the findings required by ORS 419B.476(5). That statute provides, in part:

> "The court shall enter an order within 20 days after the permanency hearing. In addition to any determinations or orders the court may make under subsection (4) of this section, the order shall include:
>
> "(a) The court's determination required under subsections (2) and (3) of this section, including a brief description of the efforts the department has made with regard to the case plan in effect at the time of the permanency hearing[.]"

Father contends that the judgment did not satisfy ORS 419B.476(5)(a) because the court neglected to attach findings of DHS's efforts with regard to reunification, the case plan in effect at the time of the October 27 permanency hearing.

DHS responds, first, that father's assignment of error is unpreserved because he had an opportunity to object to the January 11 judgment at the January 23 hearing and he did not do so. Father, in turn, argues that under *State ex rel DHS v. M. A.*, 227 Or App 172, 182, 205 P3d 36 (2009), he was not required to object to the judgment because the very nature of the error does not require preservation. In *M. A.*, we stated:

> "Here, the statute dictates that the required findings be made—not at the time of hearing—but in an order issued within 20 days after the hearing. ORS 419B.476(5). Until that order issued, mother had no way of knowing that the court would enter a judgment that did not comply with the statute. Indeed, it was not unreasonable for mother to assume that the court, in entering the written judgment, would make the findings necessary to support its oral ruling. In other words, mother had 'no practical ability to raise [the] issue,' * * * because the issue did not arise until the court entered the judgment. Because the error in the judgment that mother raises on appeal is not one that she failed to preserve, it is not one that is subject to the constraints of plain error review."

*Id.* (brackets in *M. A.*; internal citation omitted).

Since *M. A.*, we have reversed and remanded judgments that did not contain the required findings under ORS 419B.476(5), without regard to whether a parent objected to that error below. *See Dept. of Human Services v. W. F.*, 240 Or App 443, 247 P3d 329 (2011) (so holding); *Dept. of Human Services v. J. W.*, 239 Or App 596, 244 P3d 922 (2010) (same); *Dept. of Human Services v. L. P. H.*, 235 Or App 69, 230 P3d 75 (2010) (same); *Dept. of Human Services v. G. E.*, 233 Or App 618, 227 P3d 1180 (2010) (same); *State ex rel Juv. Dept. v. J. F. B.*, 230 Or App 106, 214 P3d 827 (2009) (same). We see no reason to depart from that precedent. Here, father did not have a practical opportunity to object at the October 27 hearing because the permanency judgment was not entered until after the hearing, and the issue did not arise until the court entered the judgment on January 11. DHS argues that, because father was before the juvenile court again on January 23, he could have raised his objections at that time. The only mechanism for such an objection would have been ORS 419B.923, which allows the juvenile court to "modify or set aside any order or judgment made by it." DHS made that same argument in *M. A.*, to no avail. 227 Or App at 181. ORS 419B.923 simply provides an optional procedure, the outcome of which depends on the court's exercise of discretion. We remain unwilling to transform the statute into a mandatory mechanism for preserving claims of error.

On the merits, DHS asserts that the January 11 judgment is sufficient because the record contains a document entitled "Fact Findings," which was submitted and accepted by the court as part of one of DHS's exhibits at the October 27 hearing. The exhibit lists the services and assistance that DHS provided to the family. However, father maintains that the judgment fails to satisfy ORS 419B.476(5)(a) because the exhibit was not attached to the judgment nor was it included in the trial court file.

We held in *Dept. of Human Services v. H. R.*, 241 Or App 370, 373-75, 250 P3d 427 (2011), that a permanency judgment adopting an unattached DHS court report as its written findings was sufficient to comply with ORS 419B.476(5)(a). The juvenile court found that DHS had made reasonable efforts regarding the reunification plan under

ORS 419B.476(5)(a); the court stated that it was adopting the "agency's report/petition/probable cause statement dated 5-26-10 as to the Court's written findings for this section." *Id.* at 372 (internal quotation marks omitted). Although the DHS report was not attached to the judgment, it had been admitted as an exhibit at the permanency hearing and was contained in the trial court file. *Id.* We concluded that the judgment was adequate because "there [was] no ambiguity about which report the court adopted as its written findings." *Id.* at 375.

Conversely, we have held that a permanency judgment did *not* comport with the requirements of ORS 419B.476(5) when it incorporated by reference "'attached report(s),'" no reports were attached to the judgment, and it was impossible to determine which reports the court intended to incorporate. *State ex rel Dept. of Human Services v. T. N.*, 230 Or App 575, 577, 216 P3d 341 (2009). The judgments were "essentially boilerplate recitations and, at various points, incorporate[d] by reference certain 'attached reports.'" *Id.* For example, the judgment stated that the court "finds that the attached report(s) from Department of Human Services / Child Welfare Division do accurately set forth the ward's school attendance; length of attendance at each school[.]" *Id.* (internal quotation marks omitted). Further, the state conceded that the referenced "'report(s)'" might not have even been part of the record. *Id.* Thus, we concluded that the defects in the judgment precluded meaningful review. *Id.*

Similarly, in *Dept. of Human Services v. L. B.*, 246 Or App 169, 175, 265 P3d 42 (2011), we explained that ORS 419B.476(5) "demands more than inferences from a permanency judgment:"

> "ORS 419B.476(5) expresses the legislature's intent that 'the trial court carefully evaluate DHS's decision to change a permanency plan for a child in order to ensure that the decision is one that is most likely to lead to a positive outcome for the child.' [*M. A.*,] 227 Or App at 183. Indeed, the matter is of such import that the legislature has required not only that the findings be made, but that they be expressly included in the court's written order. In

other words, the legislature has manifested its intent that a juvenile court expressly connect all of the dots along the way to a change in the permanency plan."

*Id.* at 175. Additionally, the effectiveness of the judgment is diminished by the required factual findings not being attached to the judgment or contained in the trial court file, particularly in juvenile cases such as this one where the court's findings may be the basis of decisions at subsequent hearings to change the case plan or terminate parental rights.

Here, we could *speculate* that the trial court relied on DHS's "Fact Findings" exhibit in support of its conclusion to change the permanency plan at the October 27 hearing, but the fact remains that the court did not adopt the findings as its own by attaching them to the judgment. Further, the judgment does not specifically reference DHS's exhibit, and unlike in *H. R.*, the trial court did not include the exhibit in the trial court file. We therefore cannot conclude that there is no ambiguity about what the court adopted as its written findings. In sum, the juvenile court did not expressly include its findings in the judgment; therefore, we hold that the judgment is not sufficient to comply with the requirement of ORS 419B.476(5)(a).

The January 25 judgment suffers from the same deficiency. With regard to "reasonable efforts," the judgment again references "Fact Findings attached and incorporated herein," and nothing is attached to the judgment. Further, there is no specified document in the record that we could infer the court intended to attach. Therefore, we hold that the January 25 judgment does not comply with the requirements of ORS 419B.476(5)(a).

Because we reverse and remand for the court to correct the deficiencies in the January 11 and January 25 judgments, we do not reach father's remaining assignments of error.[3]

---

[3] Where a remand is necessary because a permanency judgment lacks the determinations required by ORS 419B.476(5), our review of the merits of the permanency plan determination is premature. *See, e.g.*, *J. F. B.*, 230 Or App 106 (stating that principle); *Dept. of Human Services v. C. L.*, 247 Or App 351, 268 P3d 801 (2011) (same); *G. E.*, 233 Or App 618 (same).

The January 11, 2012, and January 25, 2012, judgments reversed and remanded.