Argued and submitted November 28, 2012, affirmed May 15, petition for review denied September 12, 2013 (354 Or 148)

In the Matter of S. L.-M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. J. M.,
*Appellant.*

Multnomah County Circuit Court
2008808153;
Petition Number 107223;
A151523

301 P3d 962

Kimberlee Petrie Volm, Deputy Public Defender, argued the cause for appellant. On the opening brief were Peter Gartlan, Chief Defender, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services. With her on the supplemental brief was Peter Gartlan, Chief Defender.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With her on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Hadlock, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

The dispositive issue in this dependency case is whether, after the filing of mother's notice of appeal from the original permanency judgment, the trial court had authority to issue a "corrected permanency judgment" to include a brief description of the services that Department of Human Services (DHS) had provided with regard to the case plan. Because we conclude that the trial court did have that authority, and that the corrected permanency judgment it entered cured the deficiency in the original judgment, we affirm.

On April 26, 2012, the juvenile court entered a permanency judgment changing the permanency plan for mother's child from reunification to adoption. With regard to the services that DHS had provided to reunify mother with the child, the judgment stated that "[t]he services include all services set forth in the exhibits and testimony at this hearing." But the judgment did not include "a brief description of the efforts that the department has made with regard to the case plan in effect at the time of the permanency hearing," as required by ORS 419B.476(5)(a). The juvenile court's failure to include, or adopt as its own findings, a brief description of DHS's efforts with regard to the case plan is reversible error. *See State ex rel DHS v. M. A. (A139693),* 227 Or App 172, 182-83, 205 P3d 36 (2009) (failure of juvenile court to include a brief description of DHS's efforts with regard to case plan in effect at the time of hearing as required by ORS 419B.476(5)(a) renders judgment inadequate to meet the requirements of the statute); *see also Dept. of Human Services v. H. R.,* 241 Or App 370, 374-75, 250 P3d 427 (2011) (juvenile court's adoption of DHS summary of services as its own written findings satisfied the requirement of ORS 419B.476(5)(a)).

ORS 419B.923(1) allows the juvenile court "to modify or set aside any order or judgment made by it" for reasons set out in that statute. The permitted reasons "include, but are not limited to":

"(a)   Clerical mistakes in judgments, orders or other parts of the record and errors in the order or judgment arising

from oversight or omission. These mistakes and errors may be corrected by the court at any time[.]"

Thus, under ORS 419B.923(1)(a), a judgment may be modified (1) to correct a "clerical mistake" in the judgment, or (2) to correct errors in the judgment arising from "oversight or omission." Those types of modifications may be made by the juvenile court at any time, even during the pendency of an appeal. ORS 419B.923(7).[1]

Mother filed a notice of appeal on May 22, 2012. On August 16, 2012, the Appellate Commissioner granted mother's motion to stay the enforcement of the juvenile court's April 26, 2012, permanency judgment. On August 28, 2012, DHS filed a motion in the juvenile court to correct the April 26, 2012, permanency judgment. Mother filed an objection to DHS's motion. After a hearing on October 4, 2012, the juvenile court issued another permanency judgment that included a list of the specific services that DHS had offered to mother. The juvenile court noted in the judgment that the permanency judgment "is corrected, to correct errors of omission. ORS 419B.923." The court explained:

"The court in its initial judgment omitted a sufficiently detailed listing of the specific services DHS offered to Mother. The court, by this corrected judgment, is correcting the omission, pursuant to the authority granted it in ORS 419B.923(1) and (7). * * * The failure to list these services was an omission because the record was, and is, replete with a listing of these services, and the court relied on DHS's provision of or referral to these services, in making its ruling, but omitted to specify them in its original judgment."

The juvenile court entered a completely new permanency judgment, which it labeled as a "corrected permanency

---

[1] ORS 419B.923(7) provides:

"A motion under subsection (1) of this section may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. The moving party shall serve a copy of the trial court's order or judgment in the appellate court within seven days of the date of the trial court order or judgment. Any necessary modification of the appeal required by the court order or judgment must be pursuant to rule of the appellate court."

judgment." Mother filed an Amended Notice of Appeal on October 10, 2012.[2]

At oral argument, mother conceded that the October 4, 2012, corrected permanency judgment satisfies the requirements of ORS 419B.476(5)(a). Nonetheless, mother challenges the juvenile court's authority to enter the corrected permanency judgment pending appeal. In mother's view, the juvenile court's authority under ORS 419B.923(1)(a) to correct an "oversight or omission" is so that the court may correct a judgment to reflect what actually occurred at the hearing, but that statute does not authorize the juvenile court to add substantive findings that were never made at the hearing or documented in the court's judgment. So, for example, mother concedes that, if the juvenile court had made findings on the hearing record as to the services that had been provided by DHS, but had failed to list those services in the judgment, that mistake would constitute an "oversight or omission" that the juvenile court could correct through an amended judgment. Here though, mother contends, although the juvenile court *explained* in its October 4, 2012, corrected permanency judgment that in issuing the April 26, 2012, permanency judgment, it had in fact relied on the many DHS services listed in the record, the hearing record did not reflect findings to that effect by the juvenile court. Furthermore, mother contends there is no indication in the record that the juvenile court actually *made* an assessment of DHS's efforts to reunify mother and the child; thus, there was no "oversight or omission" that could be corrected pursuant to ORS 419B.923(1)(a).

DHS responds that, as the juvenile court explained, it had in fact relied on the services described in the record but had failed to list them in the April 26, 2012, judgment. In DHS's view, ORS 419B.923(1)(a) contemplates the correction of just such an error as an "oversight or omission."

The parties' arguments demonstrate slightly different interpretations of ORS 419B.923(1)(a). In mother's view, an "oversight or omission" occurs when the juvenile court mistakenly omits from the judgment findings that are

---

[2] Both the permanency judgment and the corrected permanency have the same Court of Appeals case number.

reflected in the record. In DHS's view, the juvenile court's explanation that it in fact considered the information, but failed to include it in the written judgment, establishes a basis for the juvenile court's correction of the judgment pursuant to ORS 419B.923(1)(a). Both parties cite the dictionary definitions of "omission" and choose their preferred meanings.[3] Perhaps because the juvenile court did not mention it, neither party refers us to the dictionary definitions of "oversight": "an act of overlooking or something overlooked : omission or error due to inadvertence[.]" *Webster's Third New Int'l Dictionary* 1610 (unabridged ed 2002).

We are satisfied that, whichever dictionary definition one cites, the juvenile court's failure to include in the April 26, 2012, judgment a list of the services that DHS had provided to mother was either an "oversight" or an "omission." The juvenile court stated that it had relied on DHS's provision of services in making its ruling, "but omitted to specify them in its original judgment." We have no reason on this record to doubt the court's statement.

Mother asserts, finally, that because ORS 419B.476(5)(a) requires that the juvenile court make its findings, including a brief description of DHS's efforts, within 20 days of the permanency hearing, the juvenile court lacked authority to *correct* the judgment after that time. It is true, as mother asserts, that under ORS 419B.476(5)(a), the juvenile court must enter a judgment or order within 20 days of the permanency hearing. However, under ORS 419B.923(1)(a), the juvenile court has authority to correct the judgment "at any time." In at least two cases, we have held that a juvenile court has authority on remand to correct a permanency judgment to include the findings required by ORS 419B.476(5)(a),

---

[3] The parties cite the definitions of "omission" in *Webster's Third New Int'l Dictionary* 1574 (unabridged ed 1993):

"**1 a :** apathy toward or neglect of duty : lack of action <allowed themselves to be engulfed * * * through [omission] or commission—*N.Y. Times Mag.*>— compare COMMISSION 5 **b :** something neglected or left undone <pondered many [omissions] that night in the rectory's best bedroom—J. D. Beresford> **2 :** the act of omitting whether by leaving out or by abstention from inserting or by failure to include or perform[.]"

(Boldface in original.) Mother prefers the definition described in 1 b., "something neglected or left undone." The state prefers option 2, "the act of omitting whether by leaving out or by abstention from inserting or by failure to include or perform."

even though the correction would not occur within 20 days of the permanency hearing. *See, e.g.*, *Dept. of Human Services v. J. W.*, 239 Or App 596, 244 P3d 922 (2010); *Dept. of Human Services v. J. S.*, 239 Or App 594, 244 P3d 923 (2010). In our view, a straightforward reading of ORS 419B.476(5)(a) together with ORS 419B.923(1)(a) also requires the conclusion that a juvenile court has authority to correct an error in its permanency judgment more than 20 days after the permanency hearing.

Affirmed.