226 P.3d 59 (2010)
233 Or. App. 467
In the Matter of M.M.H.-G., a Child.
State of Oregon, Petitioner-Appellant,
v.
M.A.H., Respondent.
In the Matter of S.H., a Child.
State of Oregon, Petitioner-Appellant,
v.
M.A.H., Respondent.
070119J, 080436J; A142422 (Control), A142423; Petition Numbers 070119J02, 080436J01.
Court of Appeals of Oregon.
Argued and Submitted October 29, 2009.
Decided January 24, 2010.
Inge D. Wells, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, *60 Attorney General, and Jerome Lidz, Solicitor General.
Shannon L. Flowers, Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.
Before WOLLHEIM, Presiding Judge, and SERCOMBE, Judge, and EDMONDS, Senior Judge.
PER CURIAM.
In this consolidated appeal, the Department of Human Services (DHS) appeals judgments denying its requests to change the permanency plan for mother's children from reunification to adoption. The juvenile court determined that the requests were premature because DHS had failed to identify and approve an adoptive resource. On appeal, DHS contends that the trial court misinterpreted the governing statute, ORS 419B.498, and that it is not necessary for DHS to identify and approve an adoptive resource before requesting a change in the permanency plan to adoption.
In the time since the consolidated appeal was filed, DHS has identified and approved an adoptive resource for the children. For that reason, the question that DHS asks this court to decidewhether an adoptive resource must be identified and approved before a permanency plan can be changed from reunification to adoptionis moot. Our answer to that question would be purely advisory and have no practical effect on the rights of the parties, given that those are no longer the circumstances in this case. The only relief that we could grant would be a remand for the court to reconsider the request under the circumstances as they now exist; yet nothing in the trial court's judgment precludes DHS from obtaining that same relief independently of our decision, by requesting a change in the permanency plan based on the changed circumstances. See ORS 419B.470(5) ("Unless good cause otherwise is shown, the court shall also conduct a permanency hearing at any time upon the request of the department, an agency directly responsible for care or placement of the child or ward, parents whose parental rights have not been terminated, an attorney for the child or ward, a court appointed special advocate, a citizen review board, a tribal court or upon its own motion. The court shall schedule the hearing as soon as possible after receiving a request."). Accordingly, we dismiss the appeal as moot.
Appeal dismissed as moot.