Submitted October 6, appeal dismissed as moot December 1, 2010

In the Matter of J. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. G.,
*Appellant.*

Multnomah County Circuit Court
2007806541;
Petition Number 104073M;
A145348

244 P3d 385

Christa Obold-Eshleman filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Kristen G. Williams, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

ORTEGA, J.

**ORTEGA, J.**

■ Child J. G. appeals an order arising from a review hearing concerning him and his four siblings. J. G. is the only one of the children who is placed in mother's care; his siblings are in substitute care. J. G. argues that the juvenile court erred by ordering that his siblings remain in substitute care, contrary to J. G.'s motion for his siblings to be returned to mother's care. Because the determination of which J. G. complains has been superseded by a subsequent permanency judgment, we dismiss this appeal as moot.[1]

J. G.'s appeal concerns an order entered after a review hearing held pursuant to ORS 419B.449. In that order, the juvenile court also scheduled a permanency hearing for May 19, 2010. We take judicial notice of the case register in this case, which reflects that a permanency hearing was scheduled for May 19, 2010, and continued to September 21, and that a permanency judgment was entered on September 22.

At a permanency hearing, the juvenile court is required to "[m]ake the findings of fact under ORS 419B.449(2)." ORS 419B.476(2)(d). Those are the same findings of fact required at a review hearing. ORS 419B.449. The required findings include a determination of the need for continued substitute care. ORS 419B.449 provides, in part:

"(2)  The court shall conduct a hearing provided in subsection (1) of this section in the manner provided in ORS 419B.310, except that the court may receive testimony and reports as provided in ORS 419B.325. At the conclusion of the hearing, the court shall enter findings of fact.

"(3)  If the child or ward is in substitute care and the decision of the court is to continue the child or ward in substitute care, the findings of the court shall specifically state:

"(a)(A)  Why continued care is necessary as opposed to returning the child or ward home or taking prompt action to secure another permanent placement[.]"

---

[1] Accordingly, we do not reach the issues raised in the motion to dismiss filed by the Department of Human Services.

Thus, in a permanency judgment, the juvenile court must make again the same findings that are the basis of the review hearing order that J. G. challenges in this appeal.

■    A case is moot when the court's decision will not have a practical effect on the parties' rights. *Reid v. DCBS*, 235 Or App 397, 400, 232 P3d 994 (2010). For example, in *State v. M. A. H.*, 233 Or App 467, 469, 226 P3d 59 (2010), the Department of Human Services (DHS) appealed from judgments denying a change in a permanency plan on the basis that adoptive placements had not been identified. Adoptive placements were subsequently identified and approved, and we concluded that appellate review would have no practical effect, because DHS already could obtain in the juvenile court the only relief that it could obtain on appeal, namely, reconsideration of the permanency plan in light of the changed circumstances. Here, similarly, J. G. asks us to consider whether, at the time of the review hearing, the juvenile court erred in concluding that J. G.'s siblings should remain in substitute care. Because the juvenile court has since entered a permanency judgment and was, at the time of the permanency hearing, required to determine again whether the siblings should remain in substitute care, our decision regarding the determination at the review hearing would have no practical effect on the rights of the parties.

■    We note that the situation is different when a party appeals from a permanency judgment and a subsequent review hearing is held. In *State ex rel Juv. Dept. v. L. V.*, 219 Or App 207, 215, 182 P3d 866 (2008), the father appealed from a permanency judgment, arguing that the juvenile court should have returned the child to the father and should not have designated a concurrent plan of guardianship. We rejected an argument that a subsequent review hearing, which continued the status quo by again declining to place the child with the father, rendered the father's appeal moot: "Because the dependency statutes contemplate multiple hearings before permanency is achieved, subsequent review hearings in a juvenile dependency case do not necessarily render an appeal from a permanency hearing judgment moot." *Id.* at 216. In *L. V.*, the permanency judgment and the choice of permanent plan continued to have a practical effect on whether and under what circumstances the father could

parent the child, despite a subsequent review order that simply continued the status quo by again declining to place the child with the father. *Id.* at 216-17.

■       Here, the order of events is reversed. J. G. appeals from a review order continuing his siblings in substitute care, but a subsequent permanency hearing was held. The findings required at a permanency hearing are more extensive than the findings required at a review hearing. Among other things, after a permanency hearing, the court must make a determination of the permanency plan and findings supporting that plan. ORS 419B.476(5)(b) - (f). If the plan is return to a parent, the court must determine the services required for the parent and the progress that the parent is required to make in a specified time. ORS 419B.476(5)(c). If the plan is adoption, the court must determine whether a compelling reason exists not to file a termination of parental rights petition. ORS 419B.476(5)(d); ORS 419B.498(2)(b). Such reasons include a circumstance in which "[a]nother permanent plan is better suited to meet the health and safety needs of the child or ward, including the need to preserve the child's or ward's sibling attachments and relationships[.]" ORS 419B.498(2)(b)(B). If the plan is guardianship, placement with a relative, or another planned permanent living arrangement, the court must explain why the plan is not placement with the parent or adoption. ORS 419B.476(5)(e), (f). Because the juvenile court in a permanency hearing must not only consider the continuation of substitute care, as required under ORS 419B.449, but also make the determinations required by ORS 419B.476, a permanency judgment does not merely continue the status quo; the determinations made in a permanency judgment subsume the findings from the earlier review hearing and add findings that bear on the need for substitute care. Accordingly, in light of the subsequent entry of a permanency judgment, J. G.'s appeal from the review hearing is moot.

Appeal dismissed as moot.