***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 14, on respondent's motion to dismiss appeal as moot filed May 19, appellant mother's response filed June 1, and appellant father's response filed June 2, and respondent's reply filed June 8; motion to dismiss appeal as moot denied, affirmed July 26, 2023

In the Matter of F. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. T. W.,
aka B. S., aka B. T. W., aka B. T. W.,
and A. P., aka A. T., aka A. T.,
*Appellants.*

Multnomah County Circuit Court
20JU00765; A180212

Francis G. Troy, II, Judge.

George W. Kelly filed the brief for appellant A. P.

Kristen G. Williams filed the brief for appellant B. T. W.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Motion to dismiss appeal as moot denied; affirmed.

**AOYAGI, P. J.**

In this juvenile dependency case, parents appeal a permanency judgment for their three-year-old child, F, who has been a ward of the court since November 2020. The established jurisdictional bases are mother's inability to protect F from domestic violence, mother exposing F to persons who present a risk of harm to him, mother's chaotic lifestyle, F's exposure to domestic violence by father, father's criminal activities, and father's chaotic lifestyle. The juvenile court continued the plan of reunification. On appeal, father raises four assignments of error, arguing that the court erred by (1) holding the permanency hearing without first addressing father's pending motion to dismiss, (2) concluding that the Department of Human Services (DHS) had made reasonable efforts, (3) concluding that father had made insufficient progress, and (4) continuing F in substitute care. In two assignments of error, mother claims that the court erred by (1) finding that F remains at risk, and (2) refusing to return F to mother's home. We affirm.

*DHS's pending motion to dismiss appeal as moot.* As a preliminary matter, we address DHS's motion to dismiss this appeal as moot. In *Dept. of Human Services v. J. G.*, 239 Or App 261, 263, 244 P3d 385 (2010), a child appealed a review-hearing order that kept his siblings in substitute care, and we dismissed the appeal as moot because the order had "been superseded by a subsequent permanency judgment" that addressed the same issue. By contrast, as to the reverse situation, we have stated that subsequent review hearings "do not necessarily render an appeal from a permanency hearing judgment moot." *State ex rel Juv. Dept. v. L. V.*, 219 Or App 207, 216, 182 P3d 866 (2008); *J. G.*, 239 Or App at 264 (noting same). Relying on *J. G.*, we recently dismissed as moot an appeal of disposition review judgments—which contained placement preferences that the parents were challenging—based on the subsequent entry of a new jurisdictional judgment and other events. *Dept. of Human Services v. T. J. N.*, 323 Or App 258, 269, 522 P3d 914 (2022), *rev allowed*, 370 Or 827 (2023).

DHS contends that this appeal is moot because it is analogous to *T. J. N.* In making that argument, DHS does

not address the specific procedural posture of this case—an appeal from a *permanency judgment* and subsequent entry of another *permanency judgment*—or cite any cases in that posture. We are therefore unpersuaded at this time that the appeal is moot and, for that reason, deny the motion to dismiss.

*Timing of hearing on motion to dismiss (father).* In March 2022, father moved to dismiss dependency jurisdiction. That motion had not yet been heard when the permanency hearing began in September 2022. Father argues that the juvenile court committed legal error when it held the permanency hearing without first hearing his motion to dismiss. DHS counters that we should not consider the claim of error because it is not preserved. DHS further argues that, in any event, no particular timeline exists for hearing a motion to dismiss and, on this record, the court acted within its discretion in scheduling it to take place after the permanency hearing.

While we recognize the significant docketing pressures faced by juvenile courts, we are troubled by the lengthy delay in scheduling a hearing on father's motion, as well as by the possibility that the plan could have been changed before the motion was heard and the burden of proof thus changed.[1] This situation is not comparable to *Dept. of Human Services v. V. M.*, 315 Or App 775, 778, 502 P3d 773 (2021)—cited by DHS—in which a parent moved to dismiss mere days before a scheduled permanency hearing.

At the same time, two procedural realities cause us not to reach the merits of father's first assignment of error. The first is that we agree with the state that the claim of error is unpreserved. The second is that, according to the permanency judgment entered on May 15, 2023 (of which we take judicial notice), the hearing on father's motion to dismiss

---

[1] *See Dept. of Human Services v. T. L.*, 279 Or App 673, 692, 379 P3d 741 (2016) (holding that when a parent moves to dismiss dependency jurisdiction over a child whose permanency plan is something other than reunification, DHS "may invoke a presumption, based on the plan, that the jurisdictional bases continue to make it unsafe for the child to return home," at which point the court must deny the parent's motion unless the parent proves to the court "that the jurisdictional bases no longer pose a current threat of serious loss or harm to the child that is reasonably likely to be realized").

was scheduled for May 8, 2023, and when father appeared at that hearing, he declined to proceed and informed the court that he was withdrawing the motion. Whether one characterizes the resulting situation as one of harmlessness, mootness, or something else, the practical effect is that father is not in a position to continue challenging the delay in holding a hearing on his motion.

*Reasonable efforts (father).* Father contends that the juvenile court erred in determining that DHS had made reasonable efforts toward reunification. *See* ORS 419B.476(2)(a) (providing that, so long as the plan remains reunification, the court must determine at each permanency hearing whether DHS "has made reasonable efforts * * * to make it possible for the ward to safely return home"). Reasonable efforts are those that give parents "a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 138, 413 P3d 1005 (2018) (internal quotation marks omitted). Whether DHS made "reasonable efforts" is ultimately a legal conclusion that we review for legal error. *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019). As to the underlying facts, however, we are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them." *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020).

Whether DHS's efforts were reasonable in a particular case "depends on the totality of circumstances of the parent and child." *Dept. of Human Services v. D. M.*, 310 Or App 171, 183, 483 P3d 1248 (2021). Here, having reviewed the record and the facts found by the juvenile court, we conclude that DHS made reasonable efforts within the meaning of ORS 419B.476(2)(a).

*Insufficient progress (father).* Father contends that the juvenile court erred in determining that he had made insufficient progress for F to safely return home. *See* ORS 419B.476(2)(a) (requiring the court to determine "whether the parent has made sufficient progress to make it possible for the ward to safely return home"). A parent's progress is to be "evaluated by reference to the facts that formed

the bases for juvenile court jurisdiction." *Dept. of Human Services v. L. M. K.*, 319 Or App 245, 252, 510 P3d 278 (2022). As with the reasonable-efforts determination, the juvenile court's sufficient-progress determination is a legal conclusion that we review for legal error, but we are bound by the court's factual findings so long as any evidence in the record supports them. *Dept. of Human Services v. G. N.*, 263 Or App 287, 294, 328 P3d 728 (2014). Having reviewed the record and the facts found by the juvenile court, we agree with the juvenile court that father had not made sufficient progress for F to safely return home to him. Further, we disagree with father that the juvenile court shifted the burden of proof to him; in context, we understand the juvenile court to have properly placed the burden on DHS and to have been referring only to the importance of function over form in assessing a parent's progress.

*Continuing F in substitute care (father).* In his final assignment of error, father argues that the juvenile court erred in continuing F in substitute care. Based on how it is briefed, we understand that argument to be derivative of his third assignment of error. That is, we understand father to argue that, because his progress was sufficient to safety return F home, it was error for the court to continue F in substitute care. We reject that argument, because we have already concluded that the juvenile court did not err in determining that father had not made sufficient progress to return F home to him.

*Finding that F remains at risk (mother).* Mother's first assignment of error appears to be directed to the juvenile court's determination that mother had made insufficient progress for F to safely return home to her. We have already described our standard of review for a sufficient-progress determination. Having reviewed the record and the facts found by the juvenile court, we agree with the juvenile court that, at the time of this permanency hearing, mother had not yet made sufficient progress for F to safely return home to her.

*Not returning F to mother's home.* Mother's second assignment of error appears to be derivative of her first assignment of error. That is, we understand mother to

argue that, because she had made sufficient progress for F to safely return home, it was error to continue F in substitute care. Having concluded that the juvenile court did not err in determining that mother had not made sufficient progress to return F home to her, we reject that argument as well.

Motion to dismiss appeal as moot denied; affirmed.